FILED
2010 Sep-21 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:10-cv-1840-IPJ |
| Travelers Casualty and Surety Company, et al., | ) ) ) |
| Defendants. | ) ) ) |

**Defendants' Opposition to Plaintiff Alagasco's Motion to Bifurcate Duty to Defend from Bad Faith and Duty to Indemnify Issues, To Expedite Consideration of Duty to Defend, and To Stay All Proceedings on Bad Faith and Duty to Indemnify**

Defendants Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company ("Travelers Casualty"), St. Paul Fire and Marine Insurance Company, individually and as successor to St. Paul Insurance Company of Illinois ("St. Paul Fire and Marine"), St. Paul Surplus Lines Insurance Company ("St. Paul Surplus"), and St. Paul Mercury Insurance Company ("St. Paul Mercury") (collectively "Travelers"), by and through their attorneys, hereby

submit their Opposition to Plaintiff Alabama Gas Corporation's ("Alagasco") Motion to Bifurcate Duty to Defend from Bad Faith and Duty to Indemnify Issues, To Expedite Consideration of Duty to Defend, and To Stay All Proceedings on Bad Faith and Duty to Indemnify [Dkt. #15 & #16].

For the reasons set forth below, Alagasco's Motion should be denied, and Travelers' motion for summary judgment dismissing this action should first be heard and granted by this Court.  However, even if the Court does consider Alagasco's motion, it should be denied on grounds of being premature, contrary to the Federal Rules of Civil Procedure and the Local Rules of this Court, and unduly prejudicial to Travelers.

## Summary of Argument

As a threshold matter, Alagasco's motion should not be considered because a February 1999 Agreement between the parties specifically prohibits Alagasco's lawsuit.  As Alagasco's Complaint admits, Alagasco first advised Travelers in late 1998 or early 1999 that Alagasco expected to receive claims or lawsuits with respect to alleged environmental contamination arising from historical manufactured gas plant ("MGP") operations.  As part of those communications, Alagasco parent Energen and St. Paul Fire and Marine Insurance Company entered into a February 1999 "Confidentiality Agreement for Settlement Negotiations" that specifically prohibits either party from bringing a lawsuit regarding such claims.

Travelers shortly will be filing a motion for summary judgment seeking to dismiss this lawsuit based on that Agreement if Alagasco will not voluntarily dismiss this lawsuit. Thus, the initial issue that this Court should consider is whether, given that Agreement, Alagasco can sustain the present lawsuit.

Even if the Court were to consider Alagasco's motion, it still should be denied as violative of the Federal Rules of Civil Procedure and the Local Rules of this Court. The Federal Rules of Civil Procedure obviously permit discovery in litigation as a fundamental right, and there is no basis or justification for cutting off that right here. Moreover, Federal Rule of Civil Procedure 26(f) and Local Rule 26.1(d) requires that the parties meet and develop a proposed discovery plan for the case. Alagasco filed its motion without ever holding or requesting the Rule 26(f) conference with the Defendants. Alagasco has not demonstrated a valid basis for "changing the rules" and limiting Travelers' right to discovery. As such, the motion is in violation of the Federal and Local Rules, and should be denied.

Aside from contravening Federal and Local Rules, Alagasco's motion should also be denied because it would impede judicial economy and would unduly prejudice Travelers by seeking to bar discovery on multiple threshold factual issues that remain in dispute. First, Alagasco premises its motion on its misplaced arguments that its claim for indemnity should be stayed, and that the duty to defend can be determined from the allegations in the "underlying

complaint." (Alagasco's Br. at 9-10.) However, no "underlying complaint" exists in this case, as no lawsuit has been brought against Alagasco with respect to the former Huntsville manufacturing gas plant ("Huntsville MGP"). Discovery thus should proceed on all issues regarding whether Alagasco is entitled to coverage.

Second, the unauthenticated insurance policy information under which Alagasco seeks an expedited ruling states that the alleged policy "applies only to 'occurrences' occurring during the policy period." This unauthenticated insurance policy information singled out by Alagasco was allegedly in effect from 1967 to 1983 -- a time period when Alagasco did not own or conduct operations on the plant and property at issue. Defendants therefore are entitled to discovery as to the property's chain of ownership, Alagasco's corporate history, the alleged insurance policy's nexus (if any) to the former Huntsville MGP and any purported occurrence (if any) during the alleged policy period before any duty to defend can be determined.

Third, Alagasco admits that it communicated with the Defendants about a potential pollution liability claim regarding the former Huntsville MGP nearly twelve (12) years prior to filing this coverage action. Defendants are entitled to discovery into the running of the statute of limitations, particularly in view of the existence and validity of the aforementioned 1999 Agreement and Alagasco's

current position that it is owed a duty to defend regardless of whether or not a suit has been brought.

In short, Alagasco's action raises numerous threshold legal issues, as well as numerous threshold factual issues for which the Defendants are entitled to discovery. Alagasco cannot sweep these issues under the rug by asserting that the Defendants must "defend first and ask questions later." (Alagasco's Br. at 9). Accordingly, Alagasco's motion should be denied.

## ARGUMENT

### I. ALAGASCO'S MOTION SHOULD NOT BE CONSIDERED UNTIL THIS COURT HAS RULED UPON TRAVELERS' MOTION FOR SUMMARY JUDGMENT DISMISSING THIS ACTION PURSUANT TO THE FEBRUARY 1999 AGREEMENT BETWEEN THE PARTIES

This Court should not consider Alagasco's motion until it hears and rules upon Travelers' motion for summary judgment dismissing this action based upon the February 1999 Agreement between the parties, which expressly bars the filing of Alagasco's lawsuit. Travelers expects to file this motion for summary judgment shortly. Alagasco has never provided any cancellation notice of that February 1999 Agreement. That Agreement thus remains in full force and effect, and precludes the present action. Accordingly, Alagasco's lawsuit is premature and should be dismissed. This Court therefore should first consider this threshold issue before considering Alagasco's bifurcation motion.

II. ALAGASCO CANNOT CARRY ITS BURDEN TO SHOW THAT ITS PROPOSED STAY OF DISCOVERY WILL PROMOTE JUDICIAL ECONOMY AND WILL NOT PREJUDICE THE DEFENDANTS

Even if this Court does consider Alagasco's motion, it still should be denied because it is violative of the Federal Rules of Civil Procedure and this Court's Local Rules in seeking to cut off Traveler's right to discovery. The right to take discovery is a fundamental right under the Federal Rules of Civil Procedure, and Alagasco cannot eliminate Defendants' rights to take discovery on the significant issues raised by Alagasco's action against them. Alagasco is free under applicable procedural rules to file a motion for summary judgment on the duty to defend at any time. If Alagasco chooses to do so, Travelers will respond accordingly. But Alagasco's requested prohibition of discovery impedes judicial economy and is highly prejudicial to the Defendants. It is especially improper here where numerous factual questions are in dispute, and the alleged events and transactions go back several decades. Alagasco's motion therefore should be denied.

III. TRAVELERS IS ENTITLED TO DISCOVERY ON NUMEROUS ISSUES RAISED BY ALAGASCO'S COMPLAINT

   A. DEFENDANTS ARE ENTITLED TO DISCOVERY IN RESPONSE TO ALAGASCO'S CONTENTION THAT ALAGASCO IS OWED A DUTY TO DEFEND DESPITE THE ABSENCE OF A SUIT

Alagasco seeks to bar discovery by the Defendants, contending that the duty to defend can be determined "by the allegations in the underlying complaint." Yet, no suit has been filed, and there is no underlying complaint against Alagasco. As

6

such, Alagasco's arguments about the duty to defend are misplaced, and do not justify cutting off the Defendants' rights to discovery in the face of numerous threshold factual and legal coverage issues.  Alagasco's motion therefore should be denied.

The alleged 1967-83 policy materials under which Alagasco seeks an expedited duty to defend ruling state that St. Paul has the "right" to investigate, negotiate, and settle "any claim or suit" but that the duty to defend applies only to a "suit."  *See* Ex. A to Complaint at 2.  Those policy materials also state that St. Paul will, subject to other policy terms and conditions, "pay any loss by reason of liability imposed by law or contract upon the Insured for damages because of injury to or destruction of property, including the loss of use thereof."  The policy materials further state:

> It is further agreed that the Company shall
>
> (a)   ***Defend*** in the name and on behalf of the Insured any ***suit*** against the Insured alleging such injury, death, damage or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent; but the Company shall have the ***right to make such investigation, negotiation, and settlement of any claim or suit*** as may be deemed expedient by the Company.

*Id.* at 3.

The term "suit" unambiguously refers to "a court proceeding initiated by the filing of a complaint."  *Foster-Gardner, Inc. v. National Union Fire Insurance Co.*,

7

959 P.2d 265, 286 (Cal. 1998). *See also Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.*, 655 N.E.2d 842, 847 (Ill. 1995) ("[T]he word [suit] must be given its plain and ordinary meaning. In common usage, the word 'suit' refers to a proceeding in a court of law."). "[B]y specifying that only a 'suit' and not a 'claim' triggers the duty to defend, insurers have drawn an unambiguous line to define and limit their contractual obligation." *Foster-Gardner, Inc.*, 959 P.2d at 282.

Alagasco spends the bulk of its Brief arguing that there should be no discovery because the "duty to defend is determined primarily by the allegations in the underlying complaint" and the decision on duty to defend should be made "solely by reference to the underlying complaint." (Alagasco's Br., at 9-10.) Alagasco's arguments miss the point because Alagasco glosses over the fact that there is no "underlying complaint" here. The correspondence from the EPA to Alagasco, including EPA's June 23, 2009 Notice of Potential Liability and Offer to Negotiate, is not a suit. Alagasco acknowledges this fact. In forwarding the June 23, 2009 Notice of Potential Liability to Travelers for coverage, Alagasco twice referred to the Notice of Potential Liability as a "claim." *See* Ex. L to Complaint (S. Laseter June 25, 2009 Ltr. to N. Tarczanin) at 1, requesting that Travelers "assume the defense of this *claim*" and stating that Alagasco will be free to

8

negotiate with the EPA if Travelers has not "assumed the defense of this *claim*" (emphasis added).[1]

Defendants therefore are entitled to discovery of the facts regarding the pollution claim in order to respond to Alagasco's claims regarding an alleged duty to defend and indemnify.

### B. DEFENDANTS ARE ENTITLED TO DISCOVERY REGARDING THE PURPORTED "OCCURRENCE . . . DURING THE POLICY PERIOD"

Defendants are entitled to discovery regarding "occurrence" issues. For this separate and independent reason, Alagasco's motion should be denied.

The policy materials relied upon by Alagasco state that the alleged policy "applies only to occurrences occurring during the policy period." *See* Ex. B to Complaint, at 4. The supplied policy materials also define "occurrence" as:

> (a) an accident that takes place during the policy period, or
>
> (b) in the absence of an accident, a continuous or repeated exposure during the policy period to conditions which unexpectedly and unintentionally causes personal injury or injury to or destruction of tangible property, including the loss of use thereof. When any one such exposure exists prior to or after, as well as during the policy period, causing continuous or repeated injury or destruction, this policy shall apply only to the portion of

---

[1] To the extent that Alagasco is relying on another document or other documents to satisfy the "suit" requirement, Travelers is entitled to seek discovery on those documents as well.

9

> such injury or destruction caused during the policy period. . . .

*Id.*

Even if Alagasco somehow establishes a nexus between the alleged 1967-83 policy and the former Huntsville MGP, Defendants are entitled to discovery into whether the requirement of an "occurrence . . . during the policy period" is satisfied.[2] Defendants are also entitled to discovery into the defense and indemnity costs that are allegedly attributable to such purported "occurrence" during the policy period. *See Commercial Union Ins. Co. v. Sepco Corp.*, 918 F.2d 920 (11th Cir. 1990) (applying Alabama law and upholding trial court's allocation of an insurer's responsibility for defense costs in proportion to the insurer's time on the risk because an insurer should not be required to provide defense for exposure outside of its policy period); *Porter v. Am. Optical Corp.*, 641 F.2d 1128, 1145 (5th Cir. 1981) (insurers' coverage for a cumulative, progressive disease is prorated by the insurers' respective time on the risk).

In this regard, the former Huntsville MGP was sold decades before Alagasco allegedly purchased the alleged 1967-83 Policy that is now singled out by

---

[2] Alagasco alleges that the "occurrence" at issue was "the construction of Searey Homes, along with the associated demolition and earth moving activities . . . ." *See* Alagasco brief at 7. It is highly questionable -- and subject to discovery -- whether this intentional activity constitutes "an accident" or "continued or repeated exposure during the policy period to conditions" resulting in property damage.

Alagasco as providing the duty to defend with respect to Huntsville MGP claim. When the Policy allegedly incepted in 1967 and during the years when it was allegedly renewed, Alagasco did not own or conduct operations on the property (if Alagasco owned or operated the former Huntsville MGP at any time). *See* Compl., ¶17. There is no indication that Alagasco disclosed the former Huntsville MGP to St. Paul or disclosed that it was the successor to Huntsville Gas Company when it purchased the alleged Policy from St. Paul. The former Huntsville MGP, which had been sold long ago, was simply not a risk that the parties allegedly contemplated or expected to be transferred to St. Paul in 1967 or after. A policyholder is not owed defense or indemnity for potential liability arising from the contamination of a property with which the policyholder had no connection or involvement during the years that the insurance policies were in effect. *Textron Inc. v. Aetna Casualty and Surety Co.*, 638 A.2d 537, 540 (R.I. 1994); *Upjohn Co. v. Aetna Casualty and Surety Co.*, No. 4:88-cv-124, 1991 WL 490026 *2-*7 (W.D.Mich. Sept. 9, 1991). "The fact that there occurred property damage during the time that [the insurer's] policies were in effect does not automatically result in coverage under . . .the policies because at the time of the accident or occurrence resulting in that damage, [the policyholder] had absolutely no connection to or involvement with the property." *Upjohn Co.*, 1991 WL 490026 *5.

Here, as in *Textron* and *Upjohn*, Alagasco has not established an "occurrence" during the alleged policy period because, among other reasons, Alagasco neither owned nor operated the Huntsville MGP during any alleged relevant policy period. *See* Complaint, ¶17. Furthermore, the manufacturing gas operations at the property ceased and the property was sold nearly 20 years before the issuance of the policy materials under which Alagasco seeks an expedited "duty to defend" ruling. In addition, contamination was detected at the property between 2004 and 2008 – more than twenty years after the expiration of that alleged policy. *See* Ex. L to Complaint, at 5. In short, Alagasco's motion should be denied because Defendants are entitled to discovery regarding the existence and timing of any such purported "occurrence."

### C.  DEFENDANTS ARE ENTITLED TO DISCOVERY AS TO THEIR STATUTE OF LIMITATIONS DEFENSE

In the event that this Court determines that the 1999 Agreement is inapplicable, then Alagasco's coverage action may be time barred by statutes of limitations, and Defendants are entitled to discovery as to this issue. Alagasco's Motion should be denied for this reason also.

The statute of limitations for Alagasco's insurance contract claims against Defendants is 6 years, Ala. Code §6-2-34(9) (1975), and the statute of limitations for Alagasco's bad faith claims is 2 years. *Alfa Mut. Ins. Co. v. Smith*, 540 So.2d 691, 692 (Ala. 1988). Alagasco alleges in its complaint in this action that it

notified the Defendants in early 1998 of a potential pollution claim involving the Huntsville MGP -- nearly twelve (12) years before bringing this action. (Compl. ¶ 21). Defendants are entitled to discovery into the running of the statute of limitations, particularly since Defendants take the position that a claim -- rather than a suit -- triggers the duty to defend.[3]

## CONCLUSION

For the foregoing reasons, Alagasco's requested stay of discovery is improper and prejudicial to the Defendants, and will impede judicial economy. Accordingly, Alagasco's motion should be denied.

Dated: September 21, 2010

/s/ Andrew J. Sinor, Jr.
ANDREW J. SINOR (ASB-8207-S66A)
One of the Attorneys for the Defendants

---

[3] Other issues also mandate that discovery proceed. For example, The 1967-83 policy materials relied upon by Alagasco state that "[i]f the Insured has other valid and collectible insurance against a loss covered by this Policy, the Insurance provided by this Policy shall be in excess of such other valid and collectible insurance." *See* Ex. B to Complaint, at 7. Also, Alagasco alleges that it is owed insurance coverage under numerous alleged insurance policies purportedly issued by the Defendants other than the 1967-83 Policy. Alagasco bears the burden under Alabama law to establish the existence and contents of insurance policies under which it seeks coverage by clear and convincing evidence. Defendants are entitled to discovery regarding these other alleged policies.

OF COUNSEL:
HAND ARENDALL, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Telephone: 205-324-4400
Facsimile: 205-397-1309
dsinor@handarendall.com

OF COUNSEL:
Frank Winston, Jr., Esq.
Paul Janaskie
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036
T: (202) 429-6482
F: (202) 429-3902
fwinston@steptoe.com
pjanaskie@steptoe.com