IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation,           )<br>                        Plaintiff,   )<br>v.                                  )<br>                                    )<br>Travelers Casualty and Surety       )<br>Company, St. Paul Fire and Marine   )<br>Insurance Company, St. Paul Surplus )<br>Surplus Lines Insurance Company, and)<br>St. Paul Mercury Insurance Company, )<br>                        Defendants.  )<br>                                    ) | CIVIL ACTION NO.:<br>2:10-cv-1840-IPJ<br><br>JURY DEMAND |

**ALABAMA GAS CORPORATIONS' REPLY TO
<u>DEFENDANTS' OPPOSITION TO BIFURCATION</u>**

The Defendants' Opposition (*see* Doc. 19) to Plaintiff Alagasco's Motion to Bifurcate these proceedings (*see* Docs. 15 and 16) confirms the reasons it makes sense to proceed first with addressing preliminary issues that are ready to be presented to the Court for decision on summary judgment without discovery and then to follow with proceedings addressing issues that might require extensive discovery. Alagasco and the defendants all agree that a threshold issue to be decided is whether the claims asserted by the United States Environmental Protection Agency ("EPA") rise to the level of a "suit" triggering the duty to defend. Indeed, although the defendants have now amassed an impressive 51

defenses,[1] the "no suit" theory was the only specific basis they ever supplied to Alagasco during the course of the roughly one and a half years they spent considering the matter after the initial notice of EPA's claims.[2]  Alagasco has now moved for summary judgment on this key issue.  (*See* Docs. 21 and 22.)

In the event the Court were to agree with the defendants' view that the EPA's claims do not trigger the duty to defend, then Alagasco's other claims would be moot, and both the Court's and the parties' resources would be spared by having not addressed those issues unnecessarily.  On the other hand, in the event the Court agrees with Alagasco, it can then direct the parties to address the issues that follow logically relating to bad faith and the duty to indemnify.

The defendants' Opposition (Doc. 19) also raised the question of whether a 1999 "Confidentiality Agreement for Settlement Negotiations" (the "Confidentiality Agreement"), which was apparently entered into by one of the defendants and Energen Corporation, should bar some or all of Alagasco's claims

---

[1] The defendants' initial Answer only stated 49 separate defenses.  (*See* Doc. 12.) They subsequently filed a First Amended Answer raising the total to 51 by the addition of the confidentiality agreement theory discussed further below and a defense based on Ala. Code § 27-14-7, presumably premised on the idea that Alagasco intentionally misrepresented material facts related to the claims at hand when it submitted the insurance applications more than forty years ago.  *See* Doc. 18.

[2] *See* **Exhibit 1** (attaching letters sent by defendants on November 10, 2008; November 25, 2008; December 18, 2008; February 3, 2009; June 24, 2009; June 26, 2009; and February 3, 2010, each of which were also attached as exhibits to Alagasco's Complaint).

in this lawsuit.  (The Confidentiality Agreement is attached hereto as **Exhibit 2**.)[3] Alagasco agrees that the issues surrounding the Confidentiality Agreement can be addressed easily by way of summary judgment motion and should be dealt with at the outset.  Therefore, Alagasco respectfully suggests that the Court include issues surrounding the Confidentiality Agreement along with those surrounding the duty to defend in the first phase of the litigation.

Finally, the Court should reject the defendants' cries for discovery to "proceed on all issues regarding whether Alagasco is entitled to coverage."  *See* Doc. 19, p. 4.  Simply put, an insurer should not need extensive discovery in order to determine whether it should defend a claim, nor should a policyholder be

---

[3]  The document attached hereto as Exhibit 2 was supplied to counsel for Alagasco by counsel for defendants by email sent September 16, 2009.  The defendants have also filed and this Court has granted a Motion to File Under Seal (*see* Doc. 20) by which defendants seek to have a motion for summary judgment relating to the Confidentiality Agreement submitted to the Court away from public view.  Alagasco has attached Exhibit 2 to this Reply because nothing therein purports to make the agreement itself confidential.  Additionally, it seems worth pointing out that Alagasco is neither a named party nor otherwise captured by some definition or classification of parties within the four corners of the Confidentiality Agreement.  Energen Corporation, the party identified as "Policyholder" by a handwritten addition initialed by someone using initials that appear to be "SJL", is Alagasco's parent corporation.  Further, only one of the four defendants is identified as a party within the document.  Putting aside the fact that the provisions of the Confidentiality Agreement do not purport to bar lawsuits like the present case, it seems extraordinary for the defendants to attempt to stretch its application to reach the parties to this lawsuit.

Alagasco will respond more completely to the defendants' motion to File under Seal (Doc. 20) by a separate pleading.

required to endure it.  *See Colonial Tanning Corp. v. Home Indemnity Co.*, 780 F. Supp. 906, 910 (N.D.N.Y. 1991).  The duty to defend is not based on whether or not the underlying allegations are true.  Rather, the duty is based on what the underlying claimant alleges to be true.  The insurer would still be obligated to defend even if those allegations were ultimately shown to have been "groundless, false, or fraudulent."  *See* St. Paul Fire & Marine Insurance Company policy No. 501JB1000, p. 3 (attached to the Complaint at Exhibit A).  *See also U.S. Fidelty & Guaranty Co. v. Armstrong*, 479 So.2d 1164, 1168 (Ala. 1985).

Therefore, all that needs to be examined in order to determine whether there is a duty to defend in this case are the allegations being made by the EPA and the insurance policy.  If the defendants did not already have in their possession facts that would justify their denial when they refused to enter a defense, then their denial was in bad faith.

## **CONCLUSION**

For the foregoing reasons, Alagasco respectfully asks the Court to grant its Motion to Bifurcate (Doc. 15) with the modification that the defendants be given a reasonable time to file a motion for summary judgment on the Confidentiality Agreement, such that the Court can consider both that motion and Alagasco's now-pending Motion for Summary Judgment on the duty to Defend (Doc. #21).

## CERTIFICATE AS TO TYPE AND SIZE

The undersigned hereby certifies that the foregoing document has been prepared with 14 point type as required by the Court in its Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents at Section II(A)(1).

Respectfully submitted this 28th day of September, 2010.

/s/ REBECCA W. PRITCHETT
REBECCA W. PRITCHETT
Alabama Bar No. ASB-5146-T83R
FRED R. DELEON, JR.
Alabama Bar No. ASB-0761-R80D
Pritchett Environmental & Property Law LLC
3205 Lorna Rd., Ste. 101
Birmingham, Alabama 35216
Tel:  (205) 583-9090
Fax: (205) 583-9098


W. SCOTT LASETER
Georgia Bar No. 438515
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 350
Atlanta, GA  30305
Tel:  404-812-0839
Fax: 404-812-0845
slaseter@kglattorneys.com

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of September, 2010, electronically filed the foregoing *Alabama Gas Corporation's Reply to Defendants' Opposition to Bifurcation* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record, among others:

/s/ REBECCA W. PRITCHETT
REBECCA W. PRITCHETT
Alabama Bar No. ASB-5146-T83R
Pritchett Environmental & Property Law LLC
3205 Lorna Rd., Ste. 101
Birmingham, Alabama 35216
Tel:  (205) 583-9090
Fax: (205) 583-9098
rebecca@pritchettlawfirm.com

Attorney for Plaintiff
Alabama Gas Corporation