FILED
2010 Oct-21 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, )<br>　　　　　　　Plaintiff, )<br>v. )<br>　　)<br>Travelers Casualty and Surety )<br>Company, *et al.*, )<br>　　　　　　　Defendants. )<br>_____ ) | CIVIL ACTION NO.:<br>2:10-cv-1840-IPJ |

**JOINT REPORT OF MEETING PURSUANT TO**
**FRCP RULE 26(f) AND DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules and Civil Procedure and Local Rule LR26.1(d), the parties hereby submit their Joint Report and Discovery Plan. Per the Court's Order Setting Trial dated August 30, 2010 (Doc. 14), this Report attempts to follow the format of the form scheduling order set forth on the Court's website. As explained below, however, the parties have been unable to reach agreement on several points. Therefore, the parties have each set out their alternative proposals in a table organized according to the format in the Court's form scheduling order. Additionally, the parties' Rule 26(f) conference touched upon matters not addressed by the form scheduling order, which are explained further at the end of this Report.

The parties disagree on whether the commencement of discovery should await the Court's ruling on the pending cross-motions for summary judgment (*see*

Docs. 21, 29 and 40) and Plaintiff's Motion to Bifurcate (*see* Doc. 15). Additionally, the parties disagree on how much time is needed for discovery.

Plaintiff's Positions:

With regard to the parties' disagreement on whether to commence discovery prior to the court's ruling on the cross-motions for summary judgment and motion to bifurcate, Plaintiff believes there is a significant possibility that the Court's ruling on one or both of those motions will greatly narrow the scope of discovery. Indeed, if Defendants were to prevail, it might eliminate not only discovery but all further proceedings in this lawsuit. On the other hand, if the Court were to grant Plaintiff's motion, it might not only make the scope of discovery more focused but, at least in Plaintiff's view, it might enhance settlement possibilities. Therefore, Plaintiff proposes to stay most discovery pending the Court's ruling. Plaintiff would not, however, delay the parties' initial disclosures under Rule 26(a).

Notwithstanding the forgoing, Plaintiff is currently under order by the United States Environmental Protection Agency ("EPA") to conduct a removal action at Searcy Homes (i.e., the former Huntsville manufactured gas plant site), which is the subject of the underlying claim at issue in this insurance coverage litigation. Plaintiff will be submitting a corrective action plan ("CAP") to the EPA in November 2010. Upon EPA's approval of the CAP, the agency will direct Plaintiff to proceed with the removal action. Although EPA is under no obligation

to comment upon or approve the CAP in any particular timeframe, Plaintiff anticipates that the removal action may take place in the first half of 2011. Regardless of whether general discovery in this case is stayed pending resolution of the cross-motions, Plaintiff will notify Defendants at least thirty (30) days prior to the commencement of any field activities so that Defendants' expert(s) may observe and split samples to the extent practicable under the circumstances.

Defendants' Positions:

Defendants believe that discovery should commence immediately, in accordance with normal Federal Court practice and in light of the efficiency with which this Court moves its docket.  Defendants likewise believe that, in accordance with normal Federal Court practice and procedure, the case schedule should list specific dates for certainty and convenience.

Trial Date:

The parties do agree, however, that a May 2, 2011, trial date will not allow the parties adequate time for discovery and motions practice in this case.  The parties' proposals for the schedule of discovery and pretrial events is set out in the table immediately below, with the number of the item or event corresponding to the Court's form scheduling order on the left-hand side, and each parties' proposed alternative in the columns to the right.

| Form Scheduling Order Item Number | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| 1.a. Last day for plaintiff to add parties | 14 days after Order concluding Phase 1 of Lawsuit ("OCP1") | January 15, 2011 |
| 1.b. Last day for defendant to add parties | 21 days after OCP1 | February 15, 2011 |
| 2.a. Last day for plaintiff to amend pleadings | 28 days after OCP1 | February 28, 2011 |
| 2.b. Last day for defendant to amend pleadings | 35 days after OCP1 | March 15, 2011 |
| 3. Dispositive motions due | 145 days after OCP1 | August 15, 2011 |
| 4.a. Plaintiff disclose experts | 70 days after OCP1 | April 15, 2011 |
| 4.b. Defendants disclose experts | 100 days after OCP1 | May 15, 2011 |
| 5.a. Depositions | 8 depositions per party limited to 8 hours, except as to expert witnesses. | 12 depositions per party limited to 8 hours, except as to expert witnesses. |
| Interrogatories | Up to 25 per party, responses due in 30 days. | Up to 25 per party, responses due in 30 days. |
| Requests for Admission | Up to 25 per party, responses due in 30 days. | Up to 30 per party, responses due in 30 days. |
| Requests for Production | Up to 25 per party, responses due in 30 days. | Up to 45 per party, responses due in 30 days. |
| Supplementation | 70 days after OCP1. | March 30, 2011. |

| Form Scheduling Order Item Number | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| 5.b. Pre-Discovery disclosures | November 10, 2010 | November 30, 2010 |
| 5.c. All discovery must be commenced in time to be completed: | 130 days after OCP1 | July 30, 2011 |
| 6. Pre-Trial Conference | 210 days from OCP1 | October 15, 2011 |
| 7. Trial | Ready for trial 220 days from OCP1; 6 trial days. | Ready for Trial November or December 2011; 10 trial days. |
| 8.a. List of trial witnesses and exhibits | 14 days prior to pretrial conference | 21 days prior to pretrial conference |
| 8.b. Objections to witnesses and exhibits | 7 days before pretrial conference | 7 days before pretrial conference |

In the event the Court directs the parties to be ready for trial on May 2, 2011, despite their agreement that such a trial date will not allow adequate time, the parties have agreed upon the following schedule:

| Form Scheduling Order Item Number | Joint Proposed Schedule |
|---|---|
| 1.a. Last day for plaintiff to add parties | November 15, 2010 |
| 1.b. Last day for defendant to add parties | December 8, 2010 |
| 2.a. Last day for plaintiff to amend pleadings | December 3, 2010 |
| 2.b. Last day for defendant to amend pleadings | January 4, 2011 |
| 3. Dispositive motions due | February 24, 2011 |

5

| Form Scheduling Order Item Number | Joint Proposed Schedule |
|---|---|
| 4.a. Plaintiff to disclose experts by | December 17, 2010 |
| 4.b. Defendants to disclose experts by | January 16, 2011 |
| 5.a. Depositions | 10 depositions per party limited to 8 hours, except as to expert witnesses. |
| Interrogatories | Up to 25 per party, responses due in 30 days. |
| Requests for Admission | Up to 30 per party, responses due in 30 days. |
| Requests for Production | Up to 35 per party, responses due in 30 days. |
| Supplementation under 26(e) | January 17, 2011 |
| 5.b. Pre-Discovery disclosures | November 10, 2010 |
| 5.c. All discovery must be commenced in time to be completed: | February 18, 2011 |
| 6. Pre-Trial Conference | April 25, 2011 |
| 7. Trial | May 2, 2011; Plaintiff expects case to require 6 trial days, Defendants expect case to require 10 trial days |
| 8.a. List of trial witnesses and exhibits | April 11, 2011 |
| 8.b. Objections to witnesses and exhibits | April 18, 2011 |

Finally, the parties discussed settlement and mediation. The parties do not believe that settlement is possible nor that mediation would be useful at this time.

## **CERTIFICATE AS TO TYPE AND SIZE**

The undersigned hereby certifies that the foregoing document has been prepared with 14 point type as required by the Court in its Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents at Section II(A)(1).

Respectfully submitted this 21st day of October, 2010.

/s/ *Fred R. DeLeon, Jr.*
FRED R. DELEON, JR.
Alabama Bar No. ASB-0761-R80D
fdeleon@pritchettlawfirm.com
REBECCA W. PRITCHETT
Alabama Bar No. ASB-5146-T83R
rebecca@pritchettlawfirm.com
Pritchett Environmental & Property Law LLC
3205 Lorna Rd., Ste. 101
Birmingham, Alabama 35216
Tel:  (205) 824-9092
Fax: (205) 824-8092

W. SCOTT LASETER
Georgia Bar No. 438515
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 350
Atlanta, GA  30305
Tel:  404-812-0839
Fax: 404-812-0845
slaseter@kglattorneys.com

*Counsel for Plaintiff*

and

/s/ *Andrew J. Sinor*
Andrew J. Sinor (ASB-8207-S66A)
HAND ARENDALL, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
T: 205-324-4400
F: 205-397-1309
dsinor@handarendall.com

Frank Winston, Jr.
Admitted Pro Hac Vice (Doc. 38)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
T: (202) 429-6482
F: (202) 429-3902
fwinston@steptoe.com

*Counsel for Defendants*