IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:10-cv-1840-IPJ ) ) ) |
| Travelers Casualty and Surety Company, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF THE MOTION TO STRIKE
PLAINTIFF'S LATE EXPERT DISCLOSURE AND REPORTS**

Defendants Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, individually and as a successor to St. Paul Insurance Company of Illinois, St. Paul Surplus Lines Insurance Company, and St. Paul Mercury Insurance Company (collectively "Travelers"), by and through their attorneys, respectfully submit this brief in support of their motion to strike the untimely expert disclosure and reports submitted by Alabama Gas Corporation ("Alagasco").

## STATEMENT OF FACTS

1. The February 28, 2011 Scheduling Order, as modified by the parties' August 16, 2011 agreement, required that Alagasco disclose its experts on September 13, 2011.[1] *See* Scheduling Order (Doc. 69) at 2; *and see* Aug. 16, 2011 email from S. Laseter to R. Kochenderfer, Ex. A at 3. On that date, Alagasco disclosed four experts and sent a copy of four reports to Travelers.

2. One of Alagasco's experts, Dennis Unites, based his opinions, in part, on an analysis of aerial photographs. Unites Expert Report at 2, Ex. B.

3. After reviewing the report, Travelers requested that Alagasco identify the photographs relied on by Mr. Unites. *See* Sept. 16, 2011 Ltr. from R. Kochenderfer to S. Laseter, Ex. C at 2.

4. On September 20, 2011, Alagasco sent a "Supplement to Expert Report of Dennis Unites." Ex. D. In his supplemental report, Mr. Unites admits that he "relied upon analysis provided to me by Dr. Glen C. Gustafson..." to evaluate aerial photographs. *Id.* at 1.

5. Attached to Mr. Unites' so-called supplemental report are "Aerial Image Analysis Reports" prepared by Dr. Gustafson. *Id.* These aerial analysis

---

[1] Under the February 28, 2011 Scheduling Order, Alagasco's deadline to disclose experts was August 30, 2011. On August 16, 2011, the parties agreed to extend that deadline to September 13, 2011.

2

reports are not a supplement to Mr. Unites' report. Instead, they are entirely separate reports from a previously undisclosed expert.

## ARGUMENT

### A. Because Alagasco's Late Submission Of Expert Reports Violates The Court's Scheduling Order And Alagasco Has No Excuse For Its Late Submission, The Motion To Strike Should Be Granted

The Scheduling Order provides that "[u]nless modified by stipulation of the parties, the disclosure of expert witnesses – including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert – are due…[f]rom the plaintiff: August 30, 2011…" Order (Doc. 60) at 2. By agreement, the parties modified the deadlines and extended Alagasco's expert disclosure deadline to September 13. Ex. A at 3.

On September 20, 2011 – seven days after the deadline for Alagasco to disclose its expert witnesses – Alagasco submitted Mr. Unites' "supplemental" report and Dr. Gustafson's aerial analysis reports. Alagasco did not contact Travelers to seek an extension of its expert disclosure deadline. Nor did Alagasco seek an extension from the Court. Alagasco has not offered any justifiable basis or excuse for its untimely disclosure. Accordingly, Travelers' motion to strike the disclosure of Dr. Gustafson and Mr. Unites' supplemental report should be granted under the plain requirements of the Scheduling Order and the parties' agreed-upon modified deadlines. *See* Scheduling Order (Doc. 69) at 2; *and see* Ex. A at 3.

While the Scheduling Order's plain language provides ample ground for granting Travelers' motion to strike, it also bears noting that other Alabama federal courts have enforced scheduling order deadlines and stricken untimely submissions like Alagasco's late submissions here. For example, in *Lavender v. Florida Gas Transmission Co.*, Civ. Action No. 02-0361-CG-L, 2003 WL 25682205, at *2 (S.D. Ala. June 30, 2003), the United States District Court for the Southern District of Alabama granted defendants' motion to strike the plaintiffs' untimely affidavit and expert report concerning noise emissions. Plaintiffs attempted to evade the court's scheduling order by including the expert's opinion and report in their opposition to the defendants' summary judgment motion, which they characterized as rebuttal evidence to the defendant's timely disclosed expert. *Id.* at *2. The court rejected plaintiffs' characterization and granted the motion to strike plaintiffs' untimely submitted expert affidavit. *Id.* In so ruling, the court stated that plaintiffs neither "offered 'good cause' for the untimely use of an expert opinion," nor sought a change to the scheduling order. *Id.*

Here, like the plaintiffs in *Lavender*, Alagasco has disregarded the Scheduling Order, failed to ask the Court for additional time to disclose its expert, and submitted its expert disclosure seven days late. *Id.* Like the plaintiffs in *Lavender*, Alagasco seeks an end-run of its Scheduling Order deadline by referring to Dr. Gustafson as a potential rebuttal witness. *Id.*; *see* Ex. E. Thus, Travelers'

motion to strike Mr. Unites' supplemental report and Dr. Gustafson's late disclosure and expert reports should be granted. *See also Howard v. New Palace Casino, LLC*, Civ. Action No. 07-153-CG-B, 2008 WL 360622, *7-8 (S.D. Ala. Feb. 7, 2008) (striking expert's affidavit that was submitted after expert disclosure deadline); *Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 693, 695 (S.D. Fla. 2010) (striking plaintiff's untimely expert disclosures and refusing to amend case management schedule to allow plaintiff's to serve expert disclosures because good cause did not exist for extending disclosure deadline), *denying motion to reconsider* 2010 WL 5588659 (S.D. Fla. Dec. 10, 2010); *La Gorce Palace Condo. Assoc., Inc. v. QBE Ins. Corp.*, No. 10-20275-CIV, 2011 WL 1522564, *2 (S.D. Fla. April 12, 2011) (striking "supplements" to expert reports because "they were not supplements, but rather, are untimely expert disclosures based upon belated investigations and an attempt to bootstrap the stricken opinions into the supplemental reports").

Alagasco also attempts to evade its disclosure obligation by arguing that it did not need to disclose Dr. Gustafson as an expert witness because his analysis "is the sort of information regularly relied upon by experts like Mr. Unites (akin to laboratory analysis of environmental samples)." *See* Ex. E. To the contrary, analysis of aerial photography is widely recognized as involving more than simply measuring and recording soil or water samples, which are procedures with clear

5

standards and objective measurements. Rather, aerial photography analysis requires the interpretation of photographs by an expert with the appropriate knowledge, skill, experience, training, or education – something that was clear to Mr. Unites when he relied on Mr. Gustafson's reports. *See generally Ponca Tribe of Indians of Oklahoma v. Continental Carbon Co.*, No. CIV-05-445-C, 2009 WL 4547612, at **4-5 (W.D. Okla. Jan. 16, 2009) (finding purported aerial photograph expert "unqualified to offer opinions as an expert in interpreting aerial photographs. He has had no training in this area and only a minimal amount of experience doing such work.").

If Alagasco intended to rely on an expert's interpretation of aerial photographs, then Alagasco had an obligation to disclose the expert before its deadline, submit a timely report, establish the expert's qualifications, and present the expert for a deposition. Scheduling Order (Doc. 69) at 2, *citing* FED. R. CIV. P. 26(a)(2)(B). Alagasco did not do so. Accordingly, Travelers' motion to strike Mr. Unites' supplemental report, the late disclosure of Dr. Gustafson, and Dr. Gustafson's aerial image analysis reports should be granted.

### B. Alagasco's Late Disclosure Is Unduly Prejudicial To Travelers

Alagasco's late expert disclosure and untimely reports subject Travelers to undue prejudice. Travelers has lost valuable research and investigation time, as it did not have the entire basis for Mr. Unites' opinion until September 20. Travelers

also has less time to locate a rebuttal aerial photograph expert and, more importantly, Travelers' expert now has less time to respond to the reports of Alagasco's aerial photograph expert. Scheduling Order (Doc. 69) at 2-3; Ex. A at 3. The Court therefore should grant Travelers' motion to strike the untimely expert disclosure and reports submitted by Alagasco on this basis as well.

## CONCLUSION

For the foregoing reasons, Travelers respectfully requests that the Court grant Travelers' motion to strike the "Supplement to Expert Report of Dennis Unites," which includes the late disclosure of Dr. Gustafson and his untimely aerial image analysis reports.

## CERTIFICATE AS TO TYPE SIZE

The undersigned certifies that the foregoing document has been prepared with 14-point type as required by the Court in its Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents at Section II(A)(1).

Dated: September 30, 2011

Respectfully submitted,

*[signature]*

Andrew J. Sinor (ASB-8207-S66A)
HAND ARENDALL, LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
T: 205-324-4400
F: 205-397-1309
dsinor@handarendall.com

/s/Frank Winston, Jr.
Frank Winston, Jr.
(admitted pro hac vice)
Frank Winston, Jr.
Ruth S. Kochenderfer
Paul Janaskie
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
T: (202) 429-6482
F: (202) 429-3902
fwinston@steptoe.com
rkochenderfer@steptoe.com
pjanaskie@steptoe.com

*Attorneys for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2011, a copy of the foregoing document "Defendants' Brief in Support of the Motion to Strike Plaintiff's Late Expert Disclosure and Reports" was sent by email and U.S. First Class Mail, postage prepaid, to counsel for the Plaintiff:

Rebecca Wright Pritchett, Esq.
Pritchett Environmental & Property Law LLC
3205 Lorna Road, Suite 101
Birmingham, AL  35216
rebecca@pritchettlawfirm.com

W. Scott Laseter, Esq.
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 201
Atlanta, GA 30305
slaseter@kglattorneys.com

/s/Frank Winston, Jr.
Frank Winston, Jr.
*Attorney for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*