IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 2:10-cv-1840-IPJ |
| vs. | ) |
| | ) |
| | ) |
| Travelers Casualty and Surety | ) |
| Company, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO ALAGASCO'S MOTION TO EXCLUDE THE TESTIMONY OF JUDGE BERNARD HARWOOD

Defendants (collectively "Travelers"), by and through their attorneys, respectfully submit this Opposition to Alagasco's Motion to Exclude the Testimony of Judge Bernard Harwood.

## SUMMARY OF ARGUMENT

Alagasco's motion to exclude Judge Harwood's testimony should be denied on multiple grounds. First, Alagasco has no valid basis to exclude testimony that specifically responds to and rebuts the asserted opinion of Alagasco's own expert witness. Second, Alagasco's attack on the reliability of Judge Harwood's methodology for reaching his conclusions is baseless, as Judge Harwood reviewed the facts and pleadings of this case in light of Alabama law, and offered his

opinion based on his experience and expertise. Judge Harwood's methodology thus is wholly appropriate and sound. Third, Alagasco's argument that a former judge's expert testimony "will confuse the jury" is misguided, as a former judicial officer testifying as an expert witness is a common, well-recognized and accepted practice. Accordingly, Alagasco's motion to exclude Judge Harwood's proposed testimony should be denied.

## ARGUMENT

### I. ALAGASCO'S MOTION TO EXCLUDE JUDGE HARWOOD AS AN EXPERT WITNESS SHOULD BE DENIED

Federal Rule of Evidence 702 provides the standard for admission of expert testimony:

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. For nonscientific expert testimony, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir. 2009), (*citing Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)). A district court may

2

decide that nonscientific expert testimony is reliable based "upon personal knowledge or experience." *Id.* at 150.

The Federal Rules of Civil Procedure also expressly recognize a party's right to offer evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)..." FED. R. CIV. P. 26(a)(2)(D)(ii). In addition to criticizing and refuting the opinions of the opposing party's experts, a rebuttal witness may also "offer his own independent theories or conclusions." *In re CESSNA 208 Series Aircraft Prods. Liab. Litig.*, MDL No. 1721, 2009 WL 1649773, *1 (D. Kan. June 9, 2009); *see also 1550 Brickell Assocs. v. Q.B.E. Ins. Corp.*, No. 07-22283-CIV, 2010 WL 4443733, *2 (S.D. Fla. Nov. 1, 2010) (Federal Rules permit rebuttal experts to present "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party").

Under these standards, Alagasco's motion to exclude Judge Harwood's testimony should be denied.

### A.   Judge Harwood's Expert Report And Testimony Directly Respond To The Opinions And Testimony Of Peter Hildebrand, Alagasco's Proffered Expert

Judge Harwood's expert opinion and testimony directly rebut the opinions of Alagasco's proposed expert Peter Hildebrand, and therefore Alagasco's motion should be denied. FED. R. EVID. 702. Alagasco retained Mr. Hildebrand to testify

3

about "[w]hether a reasonably competent claims professional would conclude that Travelers' position that it had no duty to defend Alagasco against claims by the EPA because they did not constitute a 'suit' had a reasonable or fairly debatable legal and/or factual justification under Alabama law?" Expert Report of Peter J. Hildebrand ("Hildebrand Report") at 6, attached as Ex. 1.  Mr. Hildebrand's expert report opines that "[a] reasonably competent claims professional would conclude that Travelers' position that it had no duty to defend Alagasco against claims by EPA because they did not constitute a 'suit' had no reasonable or fairly debatable legal and/or factual justification under Alabama law." *Id.* at 18.  Mr. Hildebrand also opines that "[i]t is well established that on environmental issues without clear precedent in Alabama, the Courts *will* follow the majority rule which would require Travelers to defend against the allegations in a PRP letter…" *Id.* at 19 (emphasis added).

Judge Harwood is fully qualified, based on his "knowledge, skill, experience, training or education," to respond to Mr. Hildebrand's assertions. *Inam Int'l, Inc. v. Broan-Nutone LLC*, No. 1:05-cv-0852, 2007 WL 4730649 at *4 (N.D. Ga. Sept. 21, 2007).  After review of the factual record, Judge Harwood's report and testimony respond directly to Mr. Hildebrand's "expert" assertions. Judge Harwood concludes that "the issue of whether the directives issued to Alagasco by EPA would constitute a 'suit,' as opposed to the lesser level, broader

category of 'claim,' was and is a debatable issue under Alabama law." Expert Report of Bernard Harwood ("Harwood Report") at 5, attached to Alagasco's Br. in Supp. of Mot. to Exclude ("Alagasco's Br.) at Ex. A, ECF No. 120. In response to Mr. Hildebrand's opinion that Alabama "will follow the majority rule," Judge Harwood "respectfully disagree[s]," explaining that Alabama "is not reluctant to align itself with a minority position," and has not adopted the "bright line" rule suggested by Mr. Hildebrand. *Id.* at 4. Judge Harwood's opinions thus directly address -- and rebut -- Mr. Hildebrand's opinion and is precisely the type of testimony allowed under the Federal Rules. *See* FED. R. CIV. P. 26(a)(2)(D)(ii).

**B.   Alagasco's Assertion That Judge Harwood's Opinions Are Not Based On A "Reliable Methodology" Is Meritless**

Alagasco's assertion that Judge Harwood utilized "unreliable methodology" in reaching his conclusions is baseless. Judge Harwood states in his report that he reviewed Travelers' claim file; the expert report and deposition testimony of Mr. Hildebrand; the deposition testimony of Gail Dalton and Robert Harris, employees of Travelers; and the pleadings of this case. Harwood Report (Ex. A, ECF No. 120) at 5-6. This review encompassed much of the same material reviewed by Alagasco's own expert, Mr. Hildebrand. Hildebrand Report (Ex. 1) at Ex. B. Judge Harwood also reviewed every Alabama Supreme Court and Alabama Court of Civil Appeals case that relates to the subject of bad faith. Harwood Report (Ex.

A, ECF No. 120) at 6.[1] Because Alabama's law is not tethered to any other jurisdiction, a thorough understanding of Alabama law is a necessary foundation to offer an opinion in this case. Given that Judge Harwood reviewed the facts of this case in light of Alabama jurisprudence, Judge Harwood's methodology is wholly appropriate and sound, and should be deemed admissible here.

In addition to his review of the extensive materials in this case, Judge Harwood's deposition testimony confirms that he has substantial experience as both a practicing lawyer and a judge with respect to disputes regarding claims handling and allegations of insurer bad faith. Dep. Tr. of Bernard Harwood, ("Harwood Dep.") at 8-16, attached to Alagasco's Br. at Ex. B, ECF No. 120 Thus, there are no grounds for Alagasco to contend that Judge Harwood lacks the knowledge, skill, experience, education, and training to testify about the issues in this case.

Numerous courts have recognized the propriety of allowing expert testimony on insurance issues. *See, e.g., Schoenthal Family*, 555 F.3d at 1338 (permitting expert testimony on general insurance industry underwriting standards and risk management issues when proffered expert had "ample knowledge and experience

---

[1] In contrast, Alagasco's proffered expert Mr. Hildebrand addresses the same issues as addressed by Judge Harwood, but his review of Alabama case law appears to have been limited to the single case of *Nat'l Ins. Ass'n. v. Sockwell*, 829 So. 2d 111 (Ala. 2002). Hildebrand Report (Ex. 1) at Ex. B.

about that subject"); *Diocese of St. Petersburg, Inc. v. Safety Nat'l Cas. Corp.*, No. 8:08-cv-950, 2009 WL 2602451 (M.D. Fla. Aug. 25, 2009) (noting that Eleventh Circuit "has accepted the reliability of nonscientific expert testimony in the area of insurance matters based upon an expert's education and experience where the court finds the expert to have ample knowledge and experience about the subject"). Judge Harwood, based on his personal knowledge and experience, is obviously qualified to opine on what circumstances constitute bad faith and/or whether an insurer has a debatable reason for denying a claim under Alabama law. Alagasco's motion to exclude his testimony therefore should be denied.

    **C.**    **Alagasco Mistakenly Asserts That Judge Harwood's Opinion That Travelers Had A Debatable Reason For Its Coverage Determination Is An Assertion On Alagasco's Breach Of Contract Claim**

In seeking to exclude Judge Harwood's opinion and testimony, Alagasco mistakenly argues that Judge Harwood intends to "instruct the jury on contract interpretation." Alagasco's Br. at 5, ECF No. 120. Judge Harwood is *not* being proffered as an expert on Alagasco's breach of contract action. Rather, Judge Harwood is proffered in response to Alagasco's asserted bad faith claim and assertion by Alagasco's expert that Travelers did not have a "debatable reason" for its denial of any duty to defend. In his opinion, Judge Harwood points out that the policies issued by Travelers clearly distinguish between a "suit" and "claim," and,

7

based on this distinction, concludes that Travelers had a debatable reason for its determination that a PRP letter does not trigger the duty to defend. Harwood Report (Ex. A, ECF No. 120) at 2-3. Judge Harwood thus directly rebuts Alagasco's expert on this issue and opines, based on his expertise and experience, as to why Travelers' coverage determination, which rested, in part, on the meaning of the term "suit" as used in the Travelers policies, was fairly debatable under Alabama law. *Id.* at 2-3, 5. As Judge Harwood states, "experienced claims personnel at Travelers marshaled together the pertinent information, subjected it to reasonable cognitive review, and ultimately determined that the defense obligations relating to a 'suit' did not extend to the kind of administrative 'claim' presented at that stage." *Id.* at 5. Moreover, Alagasco's purported expert Mr. Hildebrand opines that "Courts have broadly construed the term 'suit' to allow a layman's understanding to apply as opposed to the narrower definition asserted by Travelers in this matter." Hildebrand Report (Ex. 1) at 19. By discussing the difference between a "suit" and a "claim," Judge Harwood thus again responds to Mr. Hildebrand's own opinions about these terms. *See, e.g.*, Harwood Report (Ex. A, ECF No. 120) at 1-2.

In this regard, Alagasco also misconstrues Judge Harwood's opinions in arguing that "Judge Harwood lacks any basis to opine that the Alabama Supreme Court would be more likely to follow the reasoning of the California Supreme

Court than the reasoning used by the dozen high courts in jurisdictions following the majority rule." Alagasco's Br. at 9, ECF No. 120.  Judge Harwood does not attempt to predict how the Alabama Supreme Court will rule, nor does he opine that the Alabama Supreme Court would be more likely to follow the California Supreme Court's decision in *Foster-Gardner, Inc. v. National Union Fire Insurance Co.*, 959 P.2d 265 (Cal. 1998).  Judge Harwood does not endorse any one particular court's reasoning.  His point is that the California Supreme Court, after engaging in a "careful cognitive evaluation," held that a potentially responsible party ("PRP") letter from the EPA is not a "suit."  Harwood Report (Ex. A, ECF No. 120) at 5.  As Judge Harwood stated during his deposition, "the Alabama Supreme Court would look to the underlying reasons and rationales and adopt the…'better-reasoned' approach."  Harwood Dep. (Ex. B, ECF No. 120) at 42.  He highlights the *possibility* that the Alabama Supreme Court would find the so-called minority position to be the better-reasoned one.  Harwood Report (Ex. A, ECF No. 120) at 4.  This does not constitute an opinion on "how the Alabama court might be expected to rule." Alagasco's Br. at 11, ECF No. 120.

> **D.     Alagasco's Assertion That A Former Judge Should Not Be Allowed To Serve As An Expert Witness Is Unsupportable**

9

Alagasco also mistakenly argues that a former judge cannot testify as an expert witness because it may confuse or mislead the jury. Alagasco's Br. at 12, ECF No. 120. In making this assertion, Alagasco does not cite to any Alabama law or rule that bars a former judge, who is in private practice, from obtaining employment as an expert witness. Alagasco discusses, in a footnote, Canon 2(c) of Alabama's Canons of Judicial Ethics, which provides that a judge should not serve as a "character witness" or "should not lend the prestige of his office to advance the private interests of others." Alagasco's Br. at 14 n.6, ECF No. 120. Alagasco infers that Judge Harwood's testimony would violate this Canon because "it would be impossible for the jury not to transfer or impute his judicial prestige to Travelers." *Id.* In effect, Alagasco claims that Judge Harwood can never testify as an expert witness because of Canon 2(c).

Alagasco's argument is meritless. No Canon, rule, or law exists in Alabama barring Judge Harwood from testifying as an expert in this case. Former judges have been retained as expert witnesses in state and federal cases, including those in Alabama. Harwood Dep. (Ex. B, ECF No. 120) at 20-21 (identifying at least four other former Alabama Supreme Court justices who have provided expert witness testimony in cases among private parties); *see also* Harwood Report (Ex. A, ECF No. 120) at Ex. B (listing other cases in which Judge Harwood has testified as an expert witness); *Kuney v. Cohen,* No. 95-2685, 1997 WL 597958, *4 (E.D. Pa.

10

Sept. 17, 1997), *aff'd by* 149 F.3d 1164 (3d Cir. 1998) (former Judge testified as an expert witness on the issue of the prevailing standard of care for personal injury attorney); *First Nat'l Bank of Louisville v. Lustig*, No. 87-5488, 88-1862, 1993 WL 384974, *1 (E.D. La. Sept. 22, 1993) (denying motion to exclude the testimony of former district court judge as expert witness on judicial ethics and practices).

In a failed attempt to show that Judge Harwood's testimony should be excluded, Alagasco cites to three out-of-state cases -- *Phillips v. Clancy*, 733 P.2d 300, 305 (Ariz. Ct. App. 1986), *U.S. v. Frankenthal*, 582 F.2d 1102, 1107-08 (7th Cir. 1978), and *State v. Grimes*, 561 A.2d 647, 649 (N.J. Super. App. Div. 1989) -- that addressed the propriety of a *current* sitting judge testifying as a witness, rather than a retired or former judge.[2]

### E.   The Federal Rules Require The Disclosure Of Judge Harwood's Experience And Qualifications To The Jury

Recognizing that its attempts to bar Judge Harwood's testimony are likely to fail, Alagasco argues that if Judge Harwood testifies, the Court should prohibit Travelers from disclosing to the jury that he is a former trial judge or supreme court justice. Alagasco cites no case law or rule in support of its novel argument.

---

[2] Alagasco also relies on a legal malpractice case from Texas, *Joachim v. Chambers*, 815 S.W.2d 234, 238 (Tex. 1991), where a party designated the judge as an expert witness and noticed the judge's deposition. *Id.* at 236. A few days before the scheduled deposition, the judge's term expired and he retired from active service. *Id.* Thus, a former judge was asked to provide expert witness testimony in a case over which he had previously presided.

11

Travelers has a right and, in fact, must show that Judge Harwood has the experience and qualifications needed to testify as an expert witness in this case. *See* FED. R. EVID. 702; *U.S. v. Mitchell*, 954 F.2d 663 (11th Cir. 1992). To lay a foundation for an expert's testimony, a party shows that the expert is "competent and qualified by knowledge, skill, experience, training, or education to render the opinion." *Inam*, 2007 WL 4730649 at *4 (citations omitted). Judge Harwood's judicial experience is one reason why he is qualified to offer opinions in this case. Thus, Travelers must be able to present his background to the jury. Alagasco's request to hide Judge Harwood's experience from the jury has no basis and should be denied.

## CONCLUSION

For the reasons stated herein, Travelers respectfully requests that the Court deny Alagasco's Motion to Exclude the Testimony of Judge Bernard Harwood.

## CERTIFICATE AS TO TYPE SIZE

The undersigned certifies that the foregoing document has been prepared with 14-point type as required by the Court in its Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents at Section II(A)(1).

Dated: November 23, 2011

Respectfully submitted,

/s/Frank Winston, Jr.
Frank Winston, Jr.
(admitted pro hac vice)

| | |
|---|---|
| Andrew J. Sinor (ASB-8207-S66A)<br>HAND ARENDALL, LLC<br>1200 Park Place Tower<br>2001 Park Place North<br>Birmingham, Alabama 35203<br>T: 205-324-4400<br>F: 205-397-1309<br>dsinor@handarendall.com | Frank Winston, Jr.<br>Ruth S. Kochenderfer<br>Paul Janaskie<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C. 20036<br>T: (202) 429-6482<br>F: (202) 429-3902<br>fwinston@steptoe.com<br>rkochenderfer@steptoe.com<br>pjanaskie@steptoe.com |

*Attorneys for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, a copy of the foregoing document "Defendants' Brief in Opposition to Alagasco's Motion to Exclude the Testimony of Judge Bernard Harwood" was sent by email to counsel for the Plaintiff:

Rebecca Wright Pritchett, Esq.
Pritchett Environmental & Property Law LLC
3205 Lorna Road, Suite 101
Birmingham, AL  35216
rebecca@pritchettlawfirm.com

W. Scott Laseter, Esq.
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 201
Atlanta, GA 30305
slaseter@kglattorneys.com

/s/Frank Winston, Jr.
Frank Winston, Jr.
*Attorney for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*