IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.  2:10-cv-1840-IPJ |
| vs. | ) |
| | ) |
| | ) |
| Travelers Casualty and Surety | ) |
| Company, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN OPPOSITION TO ALAGASCO'S MOTION TO LIMIT THE EXPERT TESTIMONY OF KATHLEEN J. ROBISON**

Defendants (collectively "Travelers"), by and through their attorneys, respectfully submit this Brief in Opposition of Alagasco's Motion to Limit the Expert Testimony of Kathleen J. Robison.

**ARGUMENT**

**I.    ALAGASCO'S MOTION TO LIMIT MS. ROBISON'S TESTIMONY SHOULD BE DENIED**

Alagasco's motion seeks to limit Ms. Robison's opinion and testimony in two ways.  First, Alagasco argues that Ms. Robison, despite her years of experience in handling claims, should not be allowed to opine whether Travelers' determination that the EPA regulatory directives to Alagasco did not constitute a

suit was "fairly debatable" at the time Travelers made its determination. Alagasco's Br. to Limit Test. of Kathleen Robison ("Alagasco's Br.) at 3, ECF No. 123.  Second, Alagasco focuses on one small portion of Ms. Robison's opinion and testimony in asserting that she should not be allowed to opine that Travelers acted "reasonably" in stating in its initial acknowledgement letter to Alagasco that EPA's Request for Information was not a formal claim.  Alagasco's Br. at 6, ECF No. 123.

Alagasco's attempts to limit Ms. Robison's testimony are contrary to the Federal Rules of Evidence and applicable case law, which conclusively establish that Ms. Robison is qualified by her knowledge and expertise to testify whether, from a claims handling perspective, Travelers' determination that the EPA directives did not constitute a suit was, at a minimum, fairly debatable, and whether Travelers acted reasonably in informing Alagasco that EPA's initial request for information was not a formal claim.  Alagasco's attacks on Ms. Robison's methodology are likewise meritless, as the record demonstrates that Ms. Robison reached her conclusions based on a comprehensive, in-depth review of the case and claim files and her own years of experience and developed expertise -- which is in fact the identical review conducted by Alagasco's own proffered expert.  Moreover, Alagasco seeks to exclude Ms. Robison's testimony on

precisely the same issues on which it proffers its own expert, and Travelers is fully entitled to present expert testimony in direct rebuttal to Alagasco's expert.

Alagasco's motion to limit Ms. Robison's testimony therefore should be denied.

### A. The Federal Rules of Evidence and Applicable Case Law Demonstrate That Ms. Robison Is Qualified To Testify From A Claims Handling Perspective On The Reasonableness Of Travelers' Claim Determinations

As Federal Rule of Evidence 702 provides:

> If . . . specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

In seeking to limit Ms. Robison's testimony, Alagasco ignores Rule 702 and cites generically to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which is generally recognized as setting forth the criteria for *scientific* expert testimony. But in situations involving non-scientific expert testimony like the case here, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338

(11th Cir. 2009), (*citing Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).  Thus, in a case where expert testimony does not encompass scientific issues, a district court may decide that nonscientific expert testimony is reliable based "upon personal knowledge or experience." *Id.* at 150.  In applying these standards, numerous courts have recognized the propriety of allowing expert testimony on insurance-related issues by experienced professionals like Ms. Robison.  *See*, *e.g.*, *Schoenthal Family*, 555 F.3d at 1338 (permitting expert testimony on general insurance industry underwriting standards and risk management issues when proffered expert had "ample knowledge and experience about that subject"); *Diocese of St. Petersburg, Inc. v. Safety Nat'l Cas. Corp.*, No. 8:08-cv-950 2009 WL 2602451 (M.D. Fla. Aug. 25, 2009) (noting that the Eleventh Circuit "has accepted the reliability of nonscientific expert testimony in the area of insurance matters based upon an expert's education and experience where the court finds the expert to have ample knowledge and experience about the subject").

    Ms. Robison, based on her personal knowledge and experience, thus is obviously qualified to opine from a claims handling perspective on whether Travelers had a debatable reason for denying a duty to defend Alagasco from the EPA regulatory directives, and likewise acted reasonably in informing Energen

that EPA requests for information did not constitute a formal claim.[1]  Ms. Robison has approximately forty years of experience in property and casualty claim operations and adjusting claims, and currently is an insurance management consultant.  Expert Report of Kathleen Robison ("Robison Report") at 1 and Ex. A, attached as Ex. 1; Dep. Tr. of Kathleen Robison ("Robison Dep.") at 20:14-21:2, attached to Alagasco's Br. at Ex. B, ECF No. 123.  She has held multiple positions at insurance companies, and has dealt with numerous environmental insurance claims.  *Id.*; Robison Dep.(Ex. B, ECF No. 123) at 27:24 – 28:22; 35:2-35:20.  She is a Chartered Property Casualty Underwriter, Associate in Underwriting, Associate in Risk Management, and Associate in Claims of the American Institute of Chartered Property and Casualty Underwriters.[2]  Robison Report (Ex. 1) at Ex.

---

[1] Alagasco's attack on whether Travelers' first acknowledgement letter in response to Energen's initial forwarding of EPA's request for information to Travelers was "reasonable" is in fact utterly irrelevant and has no application to Alagasco's breach of contract and bad faith claims, as Travelers simply reserved its rights at the time.  *See* Alagasco's Br. at 6-7.  In seeking to exclude Ms. Robison's testimony on this relatively minor point, Alagasco relies on an argumentative and self-evident excerpt of Ms. Robison's testimony, *see* Alagasco's Br. at 7-8, and Alagasco uses portion of its motion to limit testimony to reargue the merits of its case.  *Id.  See* Alagasco's Br. at 6-9, n. 2.

[2] The Chartered Property Casualty Underwriter designation required Ms. Robison to pass ten exams over the course of five years, including an exam on general liability insurance.  *See Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 740 (S.D. Ohio 2009) (setting forth CPCU criteria).

A at 2.  Her practical and educational experience is thus directly germane to the insurance issues in this case.[3]

Ms. Robison's experience in handling and supervising insurance claims thus provides a sound basis for determining what is a reasonable and appropriate response by an insurer to a PRP letter.  Robison Dep. (Ex. B, ECF No. 123) at 50:9-14; Robison Report (Ex. 1) at 2.  Alagasco's motion to limit her testimony therefore should be denied.  *E.g.*, *Schoenthal Family*, 555 F.3d at 1338.

### B. Alagasco's Assertion That Ms. Robison's Opinions Are Not Based On A "Reliable Methodology" Is Rebutted By Ms. Robison's Expert Report And Deposition Testimony

Alagasco's assertion that Ms. Robison utilized "unreliable methodology" in reaching her conclusions is rebutted by her report and her deposition testimony.  Ms. Robison reviewed the Travelers claim file; analyzed the relevant portions of the Travelers policies at issue; reviewed pleadings and deposition testimony in this case; reviewed "Environmental Coverage Case Law" by Munich Re America (20th Edition, 2009, herein "Munich Re Book"); and examined the views of Travelers'

---

[3] Ignoring Ms. Robison's considerable claims experience, Alagasco asserts that Ms. Robison's lack of a law degree makes her unqualified to opine on whether a PRP letter constitutes a suit.  It is more than ironic that Alagasco makes this argument even though it also simultaneously seeks to exclude the testimony of Judge Bernard Harwood essentially *because of* his extensive legal background.  Alagasco's own expert also opines on this issue, even though he is not a practicing attorney.  Expert Report of Peter Hildebrand ("Hildebrand Report") at 2, 18-19, attached as Ex. 2.

claims department. Robison Report (Ex. 1) at Ex. B; Robison Dep. (Ex. B, ECF No. 123) at 101:5-104:10. This review encompassed essentially the same material reviewed by Alagasco's own expert, Mr. Hildebrand. Hildebrand Report (Ex. 2) at Ex. B. After reviewing the information, Ms. Robison prepared a chronology of the correspondence between Alagasco and Travelers. Robison Dep. (Ex. B, ECF No. 123) at 17:16-18:9; Robison Report (Ex. 1) at 2-9. Additionally, she recalled similar prior experiences where she determined that an information request was not a formal claim (*i.e.*, in the context of dealerships). Robison Dep. (Ex. B, ECF No. 123) at 113:13-113:23. In sum, based on her examination of the documents coupled with her professional experience, Ms. Robison formed an opinion on whether Travelers acted reasonably with respect to an EPA request for information and PRP letter, and her opinion on whether an EPA request for information or PRP letter constitutes a "suit" triggering a defense obligation thus is based on the application of her wide-ranging insurance industry experience to the facts of this case. Robison Dep. (Ex. B, ECF No. 123) at 112:1-112:25. Ms. Robison's opinions are clearly admissible, and it is the jury's role, not Alagasco, to assess the sufficiency of Ms. Robison's methodology and many decades of insurance industry experience.[4]

---

[4] An objection to an expert's knowledge and experience goes to the weight of an expert's testimony, not its admissibility. *See Dickerson v. Cushman, Inc.*, 909 F. Supp. 1467, 1472 (M.D. Ala. 1995); *see also Maiz v. Virani*, 253 F.3d 641, 665

### C. Ms. Robison's Expert Report And Testimony Directly Respond To The Opinions And Testimony Of Alagasco's Proffered Expert

Alagasco's motion also should be denied because Ms. Robison's expert report and testimony directly rebut the opinions of Alagasco's own proposed claim handling expert Peter Hildebrand, and therefore Alagasco's motion should be denied.  FED. R. EVID. 702.  Alagasco retained Mr. Hildebrand to testify about "[w]hether a reasonably competent claims professional would conclude that Travelers' position that it had no duty to defend Alagasco against claims by the EPA because they did not constitute a 'suit' had a reasonable or fairly debatable legal and/or factual justification under Alabama law?"  Hildebrand Report (Ex. 2) at 6.  Mr. Hildebrand's expert report opines that "[a] reasonably competent claims professional would conclude that Travelers' position that it had no duty to defend Alagasco against claims by EPA because they did not constitute a 'suit' had no reasonable or fairly debatable legal and/or factual justification under Alabama law." *Id.* at 18.  Mr. Hildebrand also opines that "[i]t is well established that on

---

(11th Cir. 2001) (plaintiff's economics expert was qualified to opine about plaintiff's losses arising from a real estate investment scheme; his lack of real estate development experience went to foundation for expert's testimony, not to his qualifications).  Likewise, Alabama jurisprudence recognizes that, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left to the jury's consideration." *Foreman v. Am. Road Lines, Inc.*, 623 F. Supp. 2d 1327, 1336 (S.D. Ala. 2008), *citing Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

environmental issues without clear precedent in Alabama, the Courts *will* follow the majority rule which would require Travelers to defend against the allegations in a PRP letter…" *Id.* at 19 (emphasis added).

Mr. Hildebrand, like Ms. Robison, has several years of claims handling experience. *Id.* at 2. Ms. Robison thus is fully qualified, based on her "knowledge, skill, experience, training or education," to respond to Mr. Hildebrand's assertions. *Inam Int'l, Inc. v. Broan-Nutone LLC*, No. 1:08-cv-0852, 20907 WL 4730649 at *4 (N.D. Ga. Sept. 21, 2007). After review of the factual record, Ms. Robison's report and testimony respond directly to Mr. Hildebrand's "expert" assertions. Ms. Robison concludes that "the issue of whether or not the State of Alabama considered a PRP notification by the USEPA as a suit was fairly debatable at the time Travelers made its determination." Robison Report (Ex. 1) at 2. Ms. Robison's opinions thus directly address -- and rebut -- Mr. Hildebrand's opinions and are precisely the type of testimony allowed under the Federal Rules. *See* FED. R. CIV. P. 26(a)(2)(D)(ii).

## CONCLUSION

For the reasons stated herein, Travelers respectfully requests that the Court deny Alagasco's Motion to Limit the Expert Testimony of Kathleen J. Robison.

## **CERTIFICATE AS TO TYPE SIZE**

The undersigned certifies that the foregoing document has been prepared with 14-point type as required by the Court in its Administrative Procedures for Filing, Signing, and Verifying Pleadings and Documents at Section II(A)(1).

Dated:  November 23, 2011

                                        Respectfully submitted,

                                        /s/Frank Winston, Jr.
                                        Frank Winston, Jr.
                                        (admitted pro hac vice)

Andrew J. Sinor (ASB-8207-S66A)    Frank Winston, Jr.
HAND ARENDALL, LLC                  Ruth S. Kochenderfer
1200 Park Place Tower                     Paul Janaskie
2001 Park Place North                    STEPTOE & JOHNSON LLP
Birmingham, Alabama 35203           1330 Connecticut Avenue, N.W.
T:  205-324-4400                         Washington, D.C. 20036
F:  205-397-1309                         T:  (202) 429-6482
dsinor@handarendall.com               F:  (202) 429-3902
                                        fwinston@steptoe.com
                                        rkochenderfer@steptoe.com
                                        pjanaskie@steptoe.com

*Attorneys for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2011, a copy of the foregoing document "Defendants' Brief in Opposition to Alagasco's Motion to Limit the Testimony of Kathleen J. Robison" was sent by email to counsel for the Plaintiff:

Rebecca Wright Pritchett, Esq.
Pritchett Environmental & Property Law LLC
3205 Lorna Road, Suite 101
Birmingham, AL  35216
rebecca@pritchettlawfirm.com

W. Scott Laseter, Esq.
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 201
Atlanta, GA 30305
slaseter@kglattorneys.com

/s/Frank Winston, Jr.
Frank Winston, Jr.
*Attorney for Defendants Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company, St. Paul Surplus Lines Insurance Company and St. Paul Mercury Insurance Company*