IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation,         ) | |
|                 Plaintiff,   ) | |
| v.                               ) | CIVIL ACTION NO.: |
|                               ) | 2:10-cv-1840-IPJ |
| Travelers Casualty and Surety    ) | |
| Company, *et al.*,               ) | |
|                 Defendants.  ) | |
|                               ) | |

## ALAGASCO'S REPLY REGARDING ITS MOTION TO LIMIT THE EXPERT TESTIMONY OF KATHLEEN J. ROBISON

Alagasco files this reply to Defendants' Brief in Opposition to Alagasco's Motion to Limit the Expert Testimony of Kathleen J. Robison (Doc. 155) because Travelers is incorrect in asserting that Ms. Robison's proffered opinion regarding whether or not the insurer's stated basis for refusing to defend was fairly debatable under Alabama law would directly rebut the opinion of Alagasco's expert, Peter Hildebrand.  Mr. Hildebrand will ***not*** offer an opinion regarding whether or not Travelers' stated basis for refusing coverage is debatable under Alabama law.  Rather, Mr. Hildebrand will testify with regard to what a claims handler should do when there is no support at all in a given jurisdiction for a proposition the carrier wishes to rely upon and when that proposition is contrary to the clear majority rule from other jurisdictions.

The first opinion stated in Mr. Hildebrand's report is as follows:

> It is my opinion, an environmental claims professional would agree that it is industry custom and practice to apply the majority rule in jurisdictions which have no definitive decision on the issue and that an insurer with a dedicated environmental unit would follow that rule.

(Expert Report of Peter J. Hildebrand, JD & CPCU at 20 (Doc. 154-1).) Mr. Hildebrand testified further at his deposition, explaining:

> [A]s a claims professional I can say that it would not be consistent with the duty of good faith and fair dealing for an insurance company when there's a situation like that where they clearly cannot support their denial of coverage with any case law for them not to defend that case and proceed subject to reservation of rights because the duty to defend is broader than the duty to indemnify and the claim or the substance of the claim, if they don't have a specific basis to say it fits within the law, would create enough of a question that there's possible coverage such that they would have to defend.

(Hildebrand Dep. 22:15-23:5 (attached as **Exhibit A** at 4-5) (the transcript of and exhibits to the deposition of Peter Hildebrand, October 11, 2011, will be filed electronically with the Court contemporaneously with the filing of this Reply Brief).) *See also Acceptance Ins. Corp. v. Brown*, 832 So. 2d 1, 15 (Ala. 2001) (insurer's litigation manager testifying that, if there is any potential for coverage, the insurer should defend under a reservation of rights).

Indeed, counsel for Travelers attempted at length to force Mr. Hildebrand to state an opinion on what it might take for the "suit" issue to be debatable under

Alabama law, but Mr. Hildebrand refused to do so, explaining repeatedly that Travelers misunderstood his opinion:

> I'm not going to speculate as to what the Alabama Supreme Court would rule under those circumstances because it really is less important than the fact that the claims handler needs to apply all reasonable knowledge to doing what they're doing in this case. And if they know that the majority rule is contrary to a position they want to take and they don't seek any legal advice in that regard and they continue to send out letters reserving their rights without telling the policyholder of that position and out of the blue they then end up taking that position in February, it seems to me that it's just darn wrong. It is wrong. It's not right and it certainly isn't reasonable. It's not even fairly debatable because how can it be debatable, they have no support. They have no decision to support their decision. They have no court decision to support their position.

(Hildebrand Dep. 122:22-123:17 (**Exhibit A** at 9-10); *see also id.* at 121:4-122:3 and 125:15-126:4 (**Exhibit A** at 8-9 and 12-13).)

In contrast, Travelers wishes to have Ms. Robison testify that the issue of whether or not a PRP letter is a suit is still fairly debatable in Alabama. (*See* Expert Report of Kathleen J. Robison at 2 (Doc. 123-1).) This is a distinctly different issue than the one upon which Mr. Hildebrand opines. While Ms. Robison might have been qualified to offer an opinion on what a claims handler ***should do*** when an insurer wishes to deny coverage on grounds for which there is no controlling law in the given jurisdiction, she has no education, training or experience to opine on whether or not a legal proposition is debatable under Alabama law. Further, her stated grounds for her opinion – reviewing a book she

3

had never seen before, discussing the question with Travelers' attorneys, and considering the views of Travelers' claims department – are obviously inadequate on their face.  (*See* Robison Dep. 104:11-19 (Doc. 136-1) (**Exhibit B** hereto at 3).)

Thus, Mr. Hildebrand and Ms. Robison are not designated to testify on the same point.  To the extent the combination of Mr. Hildebrand's report and his deposition leave any doubt, Alagasco hereby confirms that he will ***not*** be asked to testify on whether or not the "suit" issue could be fairly debated under Alabama law.  Rather, he will testify that, looking at the sources of information reasonably available to Travelers' claims handlers, there was no affirmative support under Alabama law for the position the carrier wished to advance.  Further, looking at the same resources, Mr. Hildebrand will testify that the position Travelers wished to advance.  Further, looking at the same resources, Mr. Hildebrand will testify that the position Travelers wished to advance was contrary to the clear majority rule.  He will conclude on this point by saying that, in the absence of affirmative support and when faced with a clear majority rule in other jurisdictions to the contrary, the acknowledged custom and practice is for an insurer to offer a defense under a reservations of rights and, if the insurer wishes to press its position, after protecting the insured's interests as it is required to do, then seek declaratory relief.

## II.      CONCLUSION

As explained in Alagasco's Brief in Support of Motion to Limit the Expert Testimony of Kathleen J. Robison (Doc. 123), Ms. Robison lacks sufficient expertise and has no adequate basis to give opinions on whether or not it is "debatable" if the Alabama Supreme Court would consider a PRP Letter to be a "suit" triggering Travelers duty to defend, or on whether Travelers was reasonable to assert that a Request for Information from the U.S. EPA was not a "formal claim" sufficient for the carrier to determine its potential coverage obligations to Alagasco.  Therefore, Alagasco respectfully requests that Ms. Robison's testimony be limited to the other issues reflected in her expert report regarding the timeliness and reasonableness of Travelers' claims handling activities and the degree to which those activities adhered to the company's procedures.

This 28th day of November, 2011.

> /s/ REBECCA W. PRITCHETT
> REBECCA W. PRITCHETT
> Alabama Bar No. ASB-5146-T83R
> rebecca@pritchettlawfirm.com
> FRED R. DELEON, JR.
> Alabama Bar No. ASB-0761-R80D
> fdeleon@pritchettlawfirm.com
> Pritchett Environmental & Property Law LLC
> 3205 Lorna Rd., Ste. 101
> Birmingham, Alabama 35216
> Tel: (205) 824-9092
> Fax: (205) 824-8092

W. SCOTT LASETER
Georgia Bar No. 438515
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 350
Atlanta, Georgia 30305
Tel: (404) 812-0839
Fax: (404) 812-0845
slaseter@kglattorneys.com

Counsel for Plaintiff
Alabama Gas Corporation

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of November, 2011, electronically filed the foregoing *Alagasco's Reply Regarding Its Motion to Limit the Expert Testimony of Kathleen J. Robison* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record, among others:

>Andrew J. Sinor, Esq.
>Hand Arendall, LLC
>1200 Park Place Tower
>2001 Park Place North
>Birmingham, Alabama  35203
>
>Frank Winston, Jr., Esq.
>Paul Janaskie, Esq.
>Ruth Kochenderfer, Esq.
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C.  20036
>
>
>/s/ REBECCA W. PRITCHETT
>REBECCA W. PRITCHETT
>Attorney for Plaintiff
>Alabama Gas Corporation