IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Alabama Gas Corporation, ) | |
|                 Plaintiff, ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 2:10-cv-1840-IPJ |
| Travelers Casualty and Surety ) | |
| Company, *et al.*, ) | |
|                 Defendants. ) | |
| ) | |

**ALAGASCO'S REPLY REGARDING ITS MOTION TO
EXCLUDE THE TESTIMONY OF JUDGE HARWOOD**

Contrary to Travelers' Response in Opposition to Alagasco's Motion to Exclude the Testimony of Judge Harwood (Doc. 154), Travelers is not seeking to have Judge Harwood testify on a point that would directly rebut an opinion stated by Alagasco's bad faith expert, Peter Hildebrand. Alagasco will ***not*** ask Mr. Hildebrand to testify regarding whether or not Travelers' stated basis for refusing to defend was fairly debatable under Alabama law. Rather, Mr. Hildebrand will testify with regard to what a claims handler should do when there is no support at all in a given jurisdiction for a proposition the carrier wishes to rely upon and when that proposition is contrary to the clear majority rule in other jurisdictions.

The first opinion stated in Mr. Hildebrand's report is as follows:

> It is my opinion, an environmental claims professional would agree that it is industry custom and practice to apply the majority rule in jurisdictions which have no definitive decision on the issue and

> that an insurer with a dedicated environmental unit would follow that rule.

(Expert Report of Peter J. Hildebrand, JD & CPCU at 20 (Doc. 154-1).) Mr. Hildebrand testified further at his deposition, explaining:

> [A]s a claims professional I can say that it would not be consistent with the duty of good faith and fair dealing for an insurance company when there's a situation like that where they clearly cannot support their denial of coverage with any case law for them not to defend that case and proceed subject to reservation of rights because the duty to defend is broader than the duty to indemnify and the claim or the substance of the claim, if they don't have a specific basis to say it fits within the law, would create enough of a question that there's possible coverage such that they would have to defend.

(Hildebrand Dep. 22:15-23:5 (**Exhibit A** at 4-5) (the transcript of and exhibits to the deposition of Peter Hildebrand, October 11, 2011, will be filed electronically with the Court contemporaneously with the filing of this Reply Brief).) *See also Acceptance Ins. Corp. v. Brown*, 832 So.2d 1, 15 (Ala. 2001) (insurer's litigation manager testifying that, if there is any potential for coverage, the insurer should defend under a reservation of rights).

Indeed, counsel for Travelers attempted at length to force Mr. Hildebrand to state an opinion on what it might take for the "suit" issue to be debatable under Alabama law, but Mr. Hildebrand refused to do so, explaining repeatedly that Travelers misunderstood his opinion:

> I'm not going to speculate as to what the Alabama Supreme Court would rule under those circumstances because it really is less

>important than the fact that the claims handler needs to apply all reasonable knowledge to doing what they're doing in this case. And if they know that the majority rule is contrary to a position they want to take and they don't seek any legal advice in that regard and they continue to send out letters reserving their rights without telling the policyholder of that position and out of the blue they then end up taking that position in February, it seems to me that it's just darn wrong. It is wrong. It's not right and it certainly isn't reasonable. It's not even fairly debatable because how can it be debatable, they have no support. They have no decision to support their decision. They have no court decision to support their position.

(Hildebrand Dep. 122:22-123:17 (**Exhibit A** at 9-10); *see also id.* at 121:4-122:3 and 125:15-126:4 (**Exhibit A** at 8-9 and 12-13).)

In contrast, Travelers wishes to have Judge Harwood specifically testify that the issue of whether or not a PRP letter is a suit is still fairly debatable in Alabama. (*See* Harwood Dep. 42:1-14 (**Exhibit B** at 6) (the transcript of and exhibits to the deposition of Honorable Bernard Harwood, October 26,2011, will be filed electronically with the Court contemporaneously with the filing of this Reply Brief). To reach this conclusion, Judge Harwood examined the California case oft-cited in this matter by Travelers, *Foster-Gardner, Inc. v. National Union Fire Insurance Co.*, 959 P.2d 265 (Cal. 1998), which held the word "suit" means only a lawsuit filed in court. (*See* Expert Report of Bernard Harwood, Ex. 1 to Harwood Deposition at 5 (Doc. 120-1).) He will then say:

>I have read the various cases cited by the parties on point, and find that certainly Foster-Gardner, Inc. v. National Union Fire Ins. Co. of Pittsburg, PA, 18 Cal.4th 857, 957 P.2d 265, 77 Cal.Rptr.2d

>[*sic*] 107 (Cal. 1998), one of the cases relied on by Travelers, represents a comprehensive survey of the various legal and public policy considerations involved in a determination of whether EPA notices of the type involved in the instant case constitute a "suit" within the meaning of a CGL policy, and its conclusion "that a 'suit' is a court proceeding initiated by the filing of a complaint," is manifestly the result of a reasoned and logically compelling process. The cogent analysis employed by the Supreme Court of California in that case, and the full consideration it gave to all of the multitude of opposing and supporting arguments presented by counsel for the parties and their associated amici curiae, demonstrates that the issue is one that is at least "fairly debatable," such that Travelers is therefore entitled to debate it. The particular standards for insurance policy construction employed by the Supreme Court of California in the case essentially mirror the counterpart standards traditionally employed by the Supreme Court of Alabama and, whether one agrees or disagrees with the result the California Supreme Court reached, it cannot be disputed that it engaged in a careful cognitive evaluation of all of the precedent and arguments pertinent to the issue, and reached a decision that, at the very least, is arguably correct.

*Id.*

However, Judge Harwood made no effort to determine whether the California approach to analyzing potentially ambiguous terms is any more or less like Alabama's approach than the approach employed by the far more numerous jurisdictions finding the term "suit" to be ambiguous. (Harwood Dep. 32:7-22 (**Exhibit B** at 3).) Perhaps even more undermining to the foundation for his opinion, Judge Harwood failed even to check the degree to which *Foster-Gardner* still represented California law. *See Ameron Int'l Corp. v. Insurance Co. of State*

4

*of Pennsylvania*, 242 P.3d 1020 (Cal. 2010) (finding "suit" ambiguous when applied to administrative adjudicatory proceedings).

Thus, contrary to Travelers' assertion, Mr. Hildebrand and Judge Harwood are not designated to testify on the same point. To the extent the combination of Mr. Hildebrand's report and his deposition leave any doubt, Alagasco hereby confirms that he will ***not*** be asked to testify on whether or not the "suit" issue could be fairly debated under Alabama law. Rather, he will testify that, looking at the sources of information reasonably available to Travelers' claims handlers, there was no affirmative support under Alabama law for the position Travelers wished to advance. Further, looking at the same resources, Mr. Hildebrand will testify that the position Travelers wished to advance was contrary to the clear majority rule. He will conclude on this point by saying that, in the absence of affirmative support and in the face of there being a clear majority rule in other jurisdictions contrary to the carrier's desired position, the acknowledged custom and practice is for an insurer to offer a defense under a reservation of rights and, if the insurer wishes to press its position after protecting the insured's interests as it is required to do, then seek declaratory relief.

## II. CONCLUSION

As explained in Alagasco's Brief in Support of Motion to Exclude the Testimony of Judge Bernard Harwood (Doc. 120), the Judge's opinions constitute

5

impermissible legal testimony, lack sufficient foundation and adequate methodology, and risk prejudice and confusion to the jury. Therefore, Alagasco respectfully requests that the Court exclude Judge Harwood's testimony from trial. In the event the Court does not exclude the Judge's testimony entirely, it should limit him to testifying on relevant factual matters within his area of expertise and, further, should bar Travelers from disclosing to the jury that he is a former trial court judge or Alabama Supreme Court Justice.

This 28th day of November, 2011.

/s/ REBECCA W. PRITCHETT
REBECCA W. PRITCHETT
Alabama Bar No. ASB-5146-T83R
rebecca@pritchettlawfirm.com
FRED R. DELEON, JR.
Alabama Bar No. ASB-0761-R80D
fdeleon@pritchettlawfirm.com
Pritchett Environmental & Property Law LLC
3205 Lorna Rd., Ste. 101
Birmingham, Alabama 35216
Tel: (205) 824-9092
Fax: (205) 824-8092

W. SCOTT LASETER
Georgia Bar No. 438515
Kazmarek Geiger & Laseter LLP
3490 Piedmont Road, NE
Suite 350
Atlanta, Georgia 30305
Tel: (404) 812-0839
Fax: (404) 812-0845
slaseter@kglattorneys.com

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 28th day of November, 2011, electronically filed the foregoing *Alagasco's Reply Regarding Its Motion to Exclude the Testimony of Judge Harwood* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record, among others:

>Andrew J. Sinor, Esq.
>Hand Arendall, LLC
>1200 Park Place Tower
>2001 Park Place North
>Birmingham, Alabama  35203
>
>Frank Winston, Jr., Esq.
>Paul Janaskie, Esq.
>Ruth Kochenderfer, Esq.
>Steptoe & Johnson LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C.  20036
>
>
>*/s/ REBECCA W. PRITCHETT*
>REBECCA W. PRITCHETT
>Attorney for Plaintiff
>Alabama Gas Corporation