# EXHIBIT B

Case 2:10-cv-01840-IPJ   Document 158-2   Filed 11/28/11   Page 2 of 8

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.          2:10-CV-1840 IPJ
Hon. Bernard Harwood                                                                October 26, 2011

```
                                                              Page 1

 1          IN THE UNITED STATES DISTRICT COURT

 2         FOR THE NORTHERN DISTRICT OF ALABAMA

 3                  SOUTHERN DIVISION

 4

 5    CASE NO:   2:10-CV-1840 IPJ

 6

 7    ALABAMA GAS CORPORATION,

 8             PLAINTIFF,

 9    V.

10    TRAVELERS CASUALTY and SURETY COMPANY, et al.,

11             DEFENDANTS.

12

13

14

15                    DEPOSITION

16                       OF

17               Hon. Bernard Harwood

18                 October 26, 2011

19

20    REPORTED BY:  April Sargent

21                  Certified Court Reporter

22                   and Notary Public

23

24

25
```

Case 2:10-cv-01840-IPJ   Document 158-2   Filed 11/28/11   Page 3 of 8

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.   2:10-CV-1840 IPJ
Hon. Bernard Harwood   October 26, 2011

Page 31

1  approach to the analyses of the ones I'm used to
2  seeing Alabama courts adopt.
3       Q.    In the process of formulating your
4  opinions for this case, did you evaluate the
5  degree to which, to pick a state, Illinois'
6  approached to insurance problems mirrored the
7  standards in Alabama?
8            MR. WINSTON:  Objection.  Vague.
9       A.    As I read some of those cases, I
10 probably noted that, but I didn't make an
11 intentional sort of comparison or checklist.
12      Q.    And so the same thing would be true
13 with any of the other jurisdictions where you
14 reviewed the cases.  You didn't make a specific
15 comparison to see whether they were to the same
16 degree, more, or less, or similar than
17 California in Alabama?
18           MR. WINSTON:  Object to the form.
19      A.    I would've noted it as I read the
20 opinion, but I didn't retain it to the extent of
21 trying to say, okay, this state did it this way
22 or this state did it that way.
23           MR. LASETER:  And Mr. Winston,
24 other than perhaps me mumbling, can you explain
25 the form or objection of that question.

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.  2:10-CV-1840 IPJ
Hon. Bernard Harwood  October 26, 2011

Page 32

1    MR. WINSTON:  It was compound on
2  multiple levels.  It was leading, and it was
3  vague.
4    MR. LASETER:  I think I get to lead
5  him.  Let me see if I can break it down so that
6  it's not compound.
7    Q.  And I think your answer is clear
8  enough.  But did you evaluate whether any of the
9  other jurisdictions were less similar to Alabama
10 law with regard to approach to insurance policy
11 evaluation in California?
12   A.  I would've gained that impression
13 as I was going through the case, but I don't
14 retain it as far as any particular state.
15   Q.  And likewise you didn't evaluate
16 whether any other jurisdiction was equally as
17 similar to Alabama as California?
18   A.  No.
19   Q.  And likewise you didn't evaluate
20 whether any other jurisdictions were less
21 similar to Alabama law than California law?
22   A.  No.
23   Q.  In the course of preparing your
24 opinion in this case, did you review any
25 decisions that were critical of that Foster

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.  
Hon. Bernard Harwood

2:10-CV-1840 IPJ  
October 26, 2011

Page 33

```
 1   decision?
 2        A.     Well, I read pretty much the whole
 3   body of cases that you all variously have cited.
 4   But I don't recall specifically now which ones
 5   came after it and took note of it.
 6        Q.     I may not have asked a good
 7   question.  I meant to ask you whether you recall
 8   reading a case that was expressly critical of
 9   Foster?
10             MR. WINSTON:  Objection.  Asked and
11   answered.
12        A.     Not as such.
13        Q.     Do you recall the Porterfield
14   decision that you authored?
15        A.     I remember that name.  You'll have
16   to give me a little better guidance on which one
17   it was.
18        Q.     I believe Porterfield, the Autobahn
19   Insurance Company?
20        A.     Autobahn, I do.
21        Q.     In that case I believe you observed
22   that whether or not courts in other
23   jurisdictions have reached differing views with
24   regard to the interpretation of the term is at
25   least some evidence with regard to whether or
```

Case 2:10-cv-01840-IPJ   Document 158-2   Filed 11/28/11   Page 6 of 8

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.    2:10-CV-1840 IPJ
Hon. Bernard Harwood    October 26, 2011

Page 41

1  you'll offer an opinion Travelers did not act in
2  bad faith in this case?
3       A.    Yes.
4       Q.    Do I also understand correctly that
5  you'll offer an opinion on the relationship
6  between the term "suit" as it appears -- and
7  suit should probably be in quotations marks --
8  "suit" as it appears in the policy and the word,
9  "claim" that appears in the policy?
10      A.    Well, to the extent that I
11 addressed that in the report, yes.
12      Q.    And if I understand the way you
13 address it in the report, you'll offer an
14 opinion that the policy language makes a
15 distinction between the term "suit" and the term
16 "claim"?
17      A.    Right.  Consistently throughout the
18 policy, anytime either of those terms is used,
19 that distinction is honored.
20      Q.    I'll alert you in advance that this
21 may be a complicated-sounding question, and I'll
22 do my best.  Did I also understand correctly
23 that you will offer an opinion that under
24 Alabama juris prudence that Court will put more
25 -- and by court I mean the Alabama Supreme Court

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.  2:10-CV-1840 IPJ
Hon. Bernard Harwood  October 26, 2011

Page 42

 1   -- will put more weight on what it views to be
 2   the better reasoned approach rather than looking
 3   to the weight of majority versus minority
 4   decisions on a given issue elsewhere?
 5        A.    Yeah, I think rather than just
 6   doing the counting of noses, the Alabama Supreme
 7   Court would look to the underlying reasons and
 8   rationales and adopt that which appeared to be
 9   the -- as they've used the term,
10   "better-reasoned" approach.
11        Q.    And finally, am I correct that
12   you'll offer an opinion that Travelers' basis of
13   denial was at least debatable under Alabama law?
14        A.    Correct.
15        Q.    And if it helps to take a moment
16   and look through your report -- I believe I've
17   summarized your major points.  And by asking
18   this question I don't mean to try to exclude any
19   particular sentence here, but is that a fair
20   summary of your major points?
21             MR. WINSTON:  Well, objection.  The
22   document speaks for itself.
23        Q.    Let me try to ask a better
24   question.  Are you aware of major points of your
25   opinion that I've omitted in this list I just

Case 2:10-cv-01840-IPJ   Document 158-2   Filed 11/28/11   Page 8 of 8

Alabama Gas Corporation v. Travelers Casualty and Surety Company, et al.  2:10-CV-1840 IPJ
Hon. Bernard Harwood  October 26, 2011

Page 43

```
 1   gave?
 2              MR. WINSTON:  Same objection.
 3        A.    I really can't assign major in
 4   minor.  The opinions I've expressed are all laid
 5   out there.  I can't really champion them in a
 6   hierarchy.
 7        Q.    Fair enough.  I'm sitting here
 8   today, having not thoroughly read this report,
 9   are there points you believe important that that
10   I have not articulated here?
11              MR. WINSTON:  Objection.  It's
12   cumulative.  The document speaks for itself.
13        A.    Well, I don't say there it is, but
14   I'm just saying if it's in the report, then I
15   consider it worthy of consideration as part of
16   my opinion.
17        Q.    And fair enough.  And my reason for
18   asking those questions is that often times --
19   and I've actually seen this in some of your
20   prior reports -- expert witnesses will give sort
21   of a summary bullet of their opinions and then
22   follow that with a more detailed analysis.  In
23   this case you didn't do that, so I'm just trying
24   to be sure I understand sort of in a summary
25   fashion what your opinions will be.
```