IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALABAMA GAS CORPORATION,

    Plaintiff,

vs.                                                                    CASE NO. CV-10-J-1840-S

TRAVELERS CASUALTY AND
SURETY COMPANY, et al.,

    Defendants.

## ORDER

Pending before the court is the plaintiff's motion to limit the expert testimony of Kathleen J. Robison (doc. 122), a brief and evidence in support of said motion (doc. 123), defendants' response and exhibits in opposition to said motion (doc. 155), and plaintiff's reply brief and evidence (doc. 156-157, 160). Having considered said motion, briefs, evidence and the relevant law, the court is of the opinion said motion is due to be granted.

The court finds the underlying issue for trial in this case is whether the defendants acted reasonably in denying coverage to the plaintiff when the plaintiff made a claim. The undersigned judge is under the impression that her job is determining what issues, including this one, will be left for the jury. Similarly, if when presented to it, a jury determines that the defendants did not act reasonably, then the jury will consider whether such denial was made in bad faith. The court therefore will not allow any expert testimony on this conclusion either. *See e.g., Cook ex.rel Estate of Tesslier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092,

1112 n.8 (11th Cir.2005) (explaining that "an expert witnesses may not substitute for a the court in charging the jury regarding the applicable law"). The parties are directed to the Alabama Pattern Jury Instructions, specifically §§ 20.37 and 20.38, to assist them in determining what issues are left to a jury.

The causes of action in the plaintiff's complaint are Count I, Declaration of Duty to Defend; Count II, Reimbursement for Defense Costs; Count III, Bad Faith; Count IV, Declaration of Duty to Indemnify; Count V, Waiver and Estoppel. In other words, this case concerns whether defendants' denial of insurance coverage to plaintiff was reasonable, and if not, whether such denial was in bad faith. Of course, of the denial was not reasonable, the court could then declare that defendant has a duty to defend and/or indemnify the plaintiff.

Ms. Robison apparently has been hired to testify that:

1. Travelers promptly and properly commenced its investigation into Alagasco's claim by timely undertaking the archival records search...
2. Travelers' properly advised Alagasco of its activities and requested proper information from Alagasoco. ..
3. Travelers' investigation was proper.  Travelers had the right to decide the manner and method by which to conduct its investigation.
4. Travelers adhered to its procedures in its determination that a defense would not be extended.  The Travelers' procedures were in accordance with industry standards and practices.  The issue of whether or not the State of Alabama considered a PRP notification by the USEPA as a suit was fairly debatable at the time Travelers made its determination.  Travelers actions were reasonable and in accordance with industry standards and practices.

Exhibit A (doc. 123-1).

The court will not allow any such testimony by an expert witness, with the exception of testimony concerning industry standards. Whether Travelers' actions were reasonable given the industry standards is a question left to the trier of fact. Federal Rule of Evidence 702 provides the standard for admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Under Rule 702, a district court must determine that proffered expert testimony is both reliable and relevant. *American General Life Ins. Co. v. Schoenthal Family, LLC,* 555 F.3d 1331, 1338 (11th Cir.2009) citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2794-96, 125 L.Ed.2d 469 (1993).

The only issue listed above about which Ms. Robison may give testimony is industry standards. The question of whether, given those standards, the defendants' actions were reasonable, is left to the trier of fact to determine.[1] To

---

[1] Raised for a second time in this motion is the question of testimony concerning whether the Alabama Supreme Court would consider a PRP letter to be a "suit" triggering the duty to defend. The court is under the distinct impression it is the court's role in this and other litigation to determine how the Alabama Supreme Court may rule on any particular issue when the same is relevant to the facts before it. Should the parties disagree with the trial judge's determinations,

have an expert testify, the evidence must "concern matters that are beyond the understanding of the average lay person.... Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir.2004). *See also In re Rezulin Products Liability Litigation*, 309 F.Supp.2d 531, 541 ("Rule 702 ensures that expert witnesses will not testify about lay matters which a jury is capable of understanding and deciding without the expert's help.... [E]xperts should not be permitted to supplant the role of counsel in making arguments at trial, and the role of the jury in interpreting the evidence."). Indeed, the Eleventh Circuit has concluded that an expert's testimony

---

then, upon the conclusion of the litigation, the parties may appeal to the Eleventh Circuit Court of Appeals as an effective means to challenge this court's determinations. Should the Eleventh Circuit feel the need for clarification, that court can certify the question of how the Alabama Supreme Court might rule on an issue to the Alabama Supreme Court for just such a determination. The undersigned does not believe any of the referenced courts will need experts' testimony on how they should rule. *See e.g. Arizonans for Official English v. Arizona*, 520 U.S. 43, 79, 117 S.Ct. 1055, 1074, 137 L.Ed.2d 170 (1997)(federal courts have discretion to certify "[n]ovel, unsettled questions of state law" to a state's highest court for resolution). *Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc.*, 399 F.3d 1276, 1279 (11th Cir.2005) (internal citations omitted)("Where there is any doubt as to the application of state law ... a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie* guesses and to offer the state court the opportunity to interpret or change existing law"). *See also* ARAP Rule 18:

> When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this State which are determinative of said cause and that there are no clear controlling precedents in the decisions of the Supreme Court of this State, such federal court may certify such questions or propositions of law of this State to the Supreme Court of Alabama for instructions concerning such questions or propositions of state law, which certified question the Supreme Court of this State, by written opinion, may answer.

ARAP Rule 18.

is inadmissible if the "trier of fact is entirely capable of determining whether or not to draw [the expert's] conclusions without any technical assistance" from the expert. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir.1998); *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir.1985) (characterizing as "valueless" expert testimony that offers "nothing beyond the understanding and experience of the average citizen.").

Of course, lay witnesses may testify to what actions Travelers' took upon receipt of plaintiffs' claim. Such testimony does not require an expert. Similarly, the fact that a defendants undertook a review of their own file upon receipt of plaintiff's claim, and the fact that they notified the plaintiff that they did so, do not require expert testimony.

It is therefore **ORDERED** by the court that said motion to limit the expert testimony of Kathleen J. Robison be and hereby is **GRANTED** to the extent set forth above. Should the defendants wish to challenge the opinions of plaintiff's expert Peter J. Hildebrand, they should file an appropriate motion.

**DONE** and **ORDERED** this the 12th day of December, 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE