FILED
2011 Dec-14 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2011 Feb-02 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA GAS CORPORATION, ) | |
| Plaintiff, ) | |
| vs. ) | CV 10-J-1840-S |
| TRAVELERS CASUALTY AND ) SURETY COMPANY, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before this court is defendant's, Traveler's, motion for reconsideration and/or clarification regarding the court's December 7, 2010 memorandum opinion (doc. 54); defendant's brief in support (doc. 55); plaintiff's, Alagasco's, brief, with attachments, in response (doc. 60); as well as defendant's reply brief (doc. 65).

*I.     Footnote 1.*

Based on a consideration of all of the foregoing, the court does amend its order dated December 7, 2010 to delete footnote 1.

1

II.   *Statement of Facts.*
A.   *Only Coverage for the Time Period from 1967-1984 Has Been Definitively Established.*

Travelers did not properly deny that a policy was issued by St. Paul Fire & Marine Insurance Company to Alagasco for the period of July 10, 1967 to July 10, 1983. However, Travelers is correct that the facts relating to the existence and issuance of policies outside of that time period are still in dispute.

In its motion for reconsideration, Travelers argues that the period from 1970-1976 is still in dispute. In Travelers first *amended* answer to Alagasco's complaint, they denied the issuance of an insurance policy for the entire time period from 1967 to 1983.[1] However, a party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir. 1990). Travelers, in its brief in response (doc. 41), failed to dispute statement 1 of the relevant facts not in dispute from Alagasco's brief on the duty to defend (doc. 22).

---

[1] "In response to paragraph 12, Travelers *admits* that St. Paul Fire and Marine Insurance Company issued to Alabama Gas Corporation insurance contract 501JB1000 for the time period of 7/10/67 to 7/10/70 (renewed for the periods 7/10/76 to 7/10/77; 7/10/77 to 7/10/78; 7/10/78 to 7/10/79; 7/10/79 to 7/10/80; 7/10/80 to 7/10/81; 7/10/81 to 7/10/82; and 7/10/82 to 7/10/83). Travelers further *admits* that St. Paul Insurance Company of Illinois issued to Alabama Gas Corporation insurance contract 501TC0200 for the time period from 7/10/83 to 7/10/84 (extended for the period from 7/10/84 to 8/09/84)." *See Defendant's First Answer to Complaint* (doc. 18).

2

The court's December 7, 2010 memorandum opinion is modified to show that only the period from 1967-1984 has been definitively shown, while all other time periods are still facts in dispute.

B.  *EPA's Allegations on Corporate History, Site History, and Site Operations.*

Travelers, in its brief in response (doc. 41), did not deny that the EPA alleged the history in statements 2 and 7, and the supporting documents, to Alagasco's brief on the duty to defend (Doc. 22).  Further, an "insurer owes no duty to defend only if neither does the complaint against the insured allege a covered accident or occurrence nor does the evidence in the litigation between insurer and insured prove a covered accident or occurrence." *Tanner v. State Farm Fire & Cas. Co.*, 874 So.2d 1058, 1065 (Ala. 2003).  Thus, the EPA's allegations are sufficient to create a duty to defend for Travelers.

However, pages 5-6 of the December 7, 2010 memorandum opinion are modified to reflect that the history has only been *alleged by the EPA.*

**DONE** and **ORDERED** this the 2nd of February 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE